SHAPER, Appellant,

v.

TRACY, Tax Commr., et al., Appellees.

[Cite as *Shaper v. Tracy* (1994), 97 Ohio App.3d 760.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE01–32.

Decided Sept. 29, 1994.

*Krislov & Associates, Ltd., Clinton A. Krislov* and *Jonathan Nachsin; Moses Krislov Co., L.P.A.,* and *Moses Krislov; Benesch, Friedlander, Coplan & Aronoff* and *Leon Friedberg,* for appellant.

*Lee Fisher,* Attorney General, *Andrew S. Bergman* and *Lawrence D. Pratt,* Assistant Attorneys General, for appellee Tax Commissioner, and appellee Lee Fisher, Attorney General of Ohio.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Serene G. Shaper, appellant, from the December 7, 1993 judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of Roger W. Tracy, Tax Commissioner of Ohio, and Lee Fisher, Attorney General of Ohio, appellees. The history of this case is as follows. Appellant is an Ohio resident who owns municipal bonds issued by non-Ohio entities. Appellant filed this action seeking

declaratory and injunctive relief, pursuant to R.C. 2721.02 and Section 1983, Title 42, U.S.Code. Appellant claims that R.C. 5747.01(A)(1) is discriminatory because it includes in adjusted gross income the "interest or dividends on obligations or securities of any state or of any political subdivision or authority of any state," while exempting interest earned on bonds issued by Ohio and its subdivisions and authorities. Appellant sought to enjoin appellee Tax Commissioner from assessing and collecting state income tax on interest earned by Ohio residents who owned bonds issued by governmental entities outside the state of Ohio, and argued that Ohio's taxation scheme violated the Commerce Clause of the United States Constitution.[1] Appellant also moved for class certification and for summary judgment. Appellees moved for summary judgment, and argued that appellant could not maintain an action for declaratory and injunctive relief under Ohio law, because she was limited to the administrative refund claim procedure and was required to exhaust those remedies first. Appellees also argued that appellant was not entitled to relief pursuant to Section 1983, Title 42, U.S.Code, and that R.C. 5747.01(A)(1) did not violate the Commerce Clause.

The trial court found that Ohio law permits a party to challenge the constitutionality of a state tax provision via a declaratory judgment action, and that appellant was not required to first exhaust her administrative remedies. However, the trial court found that appellant was not entitled to maintain an action pursuant to Section 1983, Title 42, U.S.Code, when she had full and adequate state remedies. In addition, the trial court found that appellant was not entitled to injunctive relief unless and until the court determined that R.C. 5747.01(A)(1) was unconstitutional. The trial court held that R.C. 5747.01(A)(1) was not violative of the Commerce Clause for two reasons. Initially, the court noted that if the Commerce Clause were to apply, the market participant doctrine exempted Ohio's activity from Commerce Clause scrutiny. Second, the court explained that the Commerce Clause had not been applied to acts of a sovereign on behalf of itself (as opposed to its citizenry), which provided the sovereign with a competitive advantage over another sovereign. Accordingly, the trial court granted summary judgment in favor of appellees, and denied appellant's motion for summary judgment.

Appellant filed this appeal and asserts the following assignments of error:

"The trial court erred in granting the state defendants' motions for summary judgment (Assignment of Error No. 1) and in denying plaintiff's motion for summary judgment (Assignment of Error No. 2)."

---

1. The Commerce Clause provides: "The Congress shall have Power * * * [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes[.]" Clause 3, Section 8, Article I of the United States Constitution.

Appellant also presents the following issues for review:

"1.   Whether, in a declaratory action against state officials challenging a state tax provision asserted to violate the Commerce Clause on its face, the action may be maintained, as one of its counts, under 42 U.S.C. § 1983 (Assignments of Error Nos. 1 and 2).

"2.   Whether a state violates the Commerce Clause by its discriminatory income taxation of municipal bond interest on only the interest from bonds issued by non-Ohio issuers, while exempting interest earned on all bonds issued by Ohio entities (Assignments of Error Nos. 1 and 2).

"3.   Does the Commerce Clause of the United States Constitution prohibit states from discriminating in their own interests, by an income tax that explicitly taxes only the interest earned from other states' bonds?

"4.   Does the Commerce Clause not apply to state actions for their own fiscal benefit, in taxation schemes which intentionally discriminate against out-of-state bond issues?"

The instant action is before this court on an appeal from summary judgment. Summary judgment is proper when reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in its favor.   Civ.R. 56(C).   The parties agree that this case involves a question of law rather than issues of material fact.

Appellant challenges the constitutionality of R.C. 5747.01(A)(1), which taxes the interest on obligations issued by non-Ohio governmental entities, while exempting any interest earned on obligations issued by Ohio governmental entities.   R.C. 5747.01(A) provides in pertinent part:

" 'Adjusted gross income' means adjusted gross income as defined and used in the Internal Revenue Code, adjusted as follows:

"(1) Add interest or dividends on obligations or securities of any state or of any political subdivision or authority of any state, other than this state and its subdivisions and authorities[.]"

The trial court found that R.C. 5747.01(A)(1) was constitutional and did not violate the Commerce Clause for two reasons.   Initially, the court found that the state of Ohio acts as a market participant when it issues bonds.   The market participant doctrine recognizes that when a sovereign acts as a consumer or vendor in commerce, its actions as a market participant are distinct from its actions as a market regulator.   The Commerce Clause is directed at the state's actions as a market regulator; therefore, actions as a market participant are exempt from Commerce Clause analysis.   Clearly, when a state chooses to sell

bonds and enter into the securities market, it is acting as a market participant. However, when a state chooses to tax its citizens, it is acting as a market regulator. As stated by the United States Supreme Court:

"The market-participant doctrine has no application here. The Ohio action ultimately at issue is neither its purchase nor its sale of ethanol, but its assessment and computation of taxes—a primeval governmental activity. To be sure, the tax credit scheme has the purpose and effect of subsidizing a particular industry, as do many dispositions of the tax laws. That does not transform it into a form of state participation in the free market. * * *" *New Energy Co. of Indiana v. Limbach* (1988), 486 U.S. 269, 277, 108 S.Ct. 1803, 1809, 100 L.Ed.2d 302, 311.

Thus, we find that the market participant doctrine has no application to the instant action, as the state of Ohio is acting as a market regulator in its assessment of taxes.

However, we do agree with the trial court's conclusion that neither the Supreme Court nor any case law examined has applied the Commerce Clause to a case such as this, where one governmental entity is taxing its residents for the interest earned on bonds issued by another governmental entity. The trial court found that much of the Commerce Clause case law developed thus far involved taxation schemes that benefitted a private industry or business in the state, to the detriment of out-of-state businesses. Accordingly, the trial court found that the Commerce Clause was simply never intended to apply to acts of a sovereign on behalf *of itself,* where the end result is to provide the taxing state with a competitive advantage over *another* sovereign. Because the court found that the Commerce Clause did not apply to such a scenario, it found that R.C. 5747.01(A)(1) was not unconstitutional.

A review of the case law developed by the United States Supreme Court demonstrates that the Commerce Clause has been directed at acts of a sovereign on behalf of its citizenry to improperly provide *its citizenry* with a competitive advantage over the *citizenry* of other states. The parties herein have provided this court with numerous Commerce Clause cases whereby taxation schemes were challenged when a state's taxation scheme discriminated against out-of-state businesses or entities. See *Dominion Natl. Bank v. Olsen* (C.A.6, 1985), 771 F.2d 108; *Boston Stock Exchange v. State Tax Comm.* (1977), 429 U.S. 318, 97 S.Ct. 599, 50 L.Ed.2d 514; *Madden v. Kentucky* (1940), 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590. None of the cases cited is directly on point. The instant action does not involve a taxation scheme whereby the citizenry of Ohio are provided with a competitive advantage over the citizenry of other states. Rather, the taxation scheme in the instant action benefits the state of Ohio itself.

Appellant is challenging Ohio's taxation scheme because Ohio includes, as adjusted gross income, interest income appellant earns from the bonds of other states. This court, after extensive research, has been able to locate only one case that is factually close, although the tax in question was not challenged on Commerce Clause grounds. In *Bonaparte v. Tax Court* (1881), 104 U.S. 592, 26 L.Ed. 845, the Supreme Court stated that "[t]he Constitution does not prohibit a State from including in the taxable property of her citizens so much of the registered public debt of another State as they respectively hold, although the debtor State may exempt it from taxation or actually tax it." *Id.* at syllabus. In *Bonaparte,* the taxpayer argued that, because the debtor state exempted its bonds from taxation, the taxpayer's resident state was required to exempt the bonds pursuant to the Full Faith and Credit Clause. The Supreme Court rejected this argument and stated, "[i]t is true, if a State could protect its securities from taxation everywhere, it might succeed in borrowing money * * * but * * * it cannot secure such exemption outside of its own jurisdiction * * *." *Id.* at 595, 26 L.Ed. at 846. In writing for the majority, Chief Justice Waite stated: "[w]e know of no provision of the Constitution of the United States which prohibits such taxation." *Id.* at 594, 26 L.Ed. at 845.

In other cases cited by the parties, the relationship between a state and the federal government was crucial to the court's analysis. *Davis v. Michigan Dept. of Treasury* (1989), 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891; *Memphis Bank & Trust Co. v. Garner* (1983), 459 U.S. 392, 103 S.Ct. 692, 74 L.Ed.2d 562. These cases balance a state's interest against the *federal* government's interest. Thus, questions concerning states' rights and the Tenth Amendment are often implicated. As a result, these cases are not directly on point, as the case before us involves the relationship between Ohio and other *states.* However, we find the case of *S. Carolina v. Baker* (1988), 485 U.S. 505, 108 S.Ct. 1355, 99 L.Ed.2d 592, somewhat helpful to our analysis. In that case, the Supreme Court held that state bond interest was not immune from nondiscriminatory federal tax, overruling *Pollock v. Farmers' Loan & Trust Co.* (1895), 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759. The court stated as follows:

" * * * *The owners of state bonds have no constitutional entitlement not to pay taxes on income they earn from the bonds* and States have no constitutional entitlement to issue bonds paying lower interest rates than other issuers. * * * " (Emphasis added.) *Id.* at paragraph two of the syllabus.

It must be noted that the tax on the state bond interest in *S. Carolina v. Baker* was not challenged on Commerce Clause grounds.

We agree with the trial court's rationale that "neither the Supreme Court nor any case law examined has applied the Commerce Clause to actions between governmental entities. Each state has a legitimate interest in tapping a major

source of tax revenue while adding an incentive for investors to purchase state bonds. Those purchasers then become the major beneficiaries of the issuance of the bonds for state issues, capital improvements, and similar benefits." Given the lack of any precedent to apply the Commerce Clause to this type of taxation scheme, we are unable to find R.C. 5747.01 unconstitutional as violative of the Commerce Clause.

The next issue we must address is whether the trial court erred in finding that appellant does not have the right to maintain an action under Section 1983, Title 42, U.S.Code in Ohio courts to challenge an alleged unconstitutional tax provision. The trial court found that appellant could not maintain a Section 1983 challenge to the statute, because state remedies offer her full and adequate relief. On appeal, appellant argues that her state remedies do not provide full and adequate relief.

Initially we note that Commerce Clause violations are cognizable under Section 1983. *Dennis v. Higgins* (1991), 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969. The type of relief sought, however, is critical to our analysis. To the extent that appellant seeks monetary damages, her Section 1983 claim must fail. When sued for damages, state and state officials acting in their official capacities are not "persons" pursuant to Section 1983. *Will v. Michigan Dept. of State Police* (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45. In a case where a party seeks injunctive, or prospective relief, a state official in his or her official capacity does qualify as a "person" for purposes of Section 1983. *Id.* at 71, 109 S.Ct. at 2312, 105 L.Ed.2d at 58.

In a similar case, the Indiana Supreme Court held that the taxpayer had no cognizable claim under Section 1983 for damages against the Department of State Revenue. In that case, the taxpayer alleged that an intangibles tax violated the Commerce Clause. The court held that there was no cognizable claim, because the state was acting in its official capacity in enacting and collecting the tax. *Indiana Dept. of State Revenue v. Felix* (Ind.1991), 571 N.E.2d 287. The court further held that the taxpayer had no cognizable suit under Section 1983 for declaratory or injunctive relief, as the tax did not violate the Commerce Clause. *Id.* at 295. As stated by the Supreme Court of Indiana: "[e]ven if the tax had not been repealed, our determination that the tax is constitutional would have resolved any claim for such relief. Plaintiffs have no cognizable suit for relief under § 1983." *Id.* at 295.

We find the above rationale pertinent to the instant action. Because we have no precedent to apply the Commerce Clause, and have upheld the taxation statute in question, any claim that appellant may have pursuant to Section 1983 is moot.

■ We would also note that appellant has asked for a class action in this case, and that the trial court did not rule upon this request. As stated in *Aronson v. Commonwealth* (1987), 401 Mass. 244, 516 N.E.2d 137:

" * * * It is one thing to tolerate, outside normal administrative procedures, an action for declaratory relief * * *. Where, however, an attempt is made to obtain refunds of substantial amounts of money on behalf of numerous unidentified taxpayers, the procedures of the administrative process should not be bypassed. Tax collectors and other public officials are entitled to know what portion of collected revenues is subject to challenge and are entitled to insist on adherence to fixed schedules for timely applications for abatement and for other steps in the administrative process. We find unacceptable such an open-ended contingent liability based on an action for declaratory relief. A class should not be certified in actions of this character." *Id.*, 401 Mass. at 255, 516 N.E.2d at 144.

We find the reasoning in *Aronson* persuasive. However, we also find that the issue of class certification is moot, because appellant is not entitled to relief. As stated by the court in *Indiana Dept. of State Revenue v. Felix, supra:* "Inasmuch as the Clarkes have lost their case on the merits, their contention of error concerning their role as representatives of class members similarly situated is moot." *Id.*, 571 N.E.2d at 296.

Accordingly, appellant's assignment of error and issues for review are overruled and the judgment of the Franklin County Court of Common Pleas entering summary judgment in favor of appellees is hereby affirmed.

*Judgment affirmed.*

PEGGY BRYANT and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

PEGGY BRYANT, Judge, concurring.

Concurring in the majority's analysis of appellant's contentions under the Commerce Clause, and the majority's determination that its conclusion under the Commerce Clause renders her arguments under Section 1983, Title 42, U.S.Code moot, I thus concur in the majority's holding that the judgment of the trial court be affirmed.