[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 241.]

SHAPER, APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Shaper v. Tracy*, 1996-Ohio-89.]

*Civil procedure—Judgments—Valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction that was the subject matter of the previous action.*

(No. 95-389—Submitted April 30, 1996—Decided August 7, 1996.)

APPEAL from the Board of Tax Appeals, No. 93-X-1032.

————————————

{¶ 1} This is the second of two actions which Serene G. Shaper has appealed to this court. This appeal results from the Board of Tax Appeals' ("BTA's") denial of Shaper's claims for personal income tax refunds.

{¶ 2} Prior to filing her refund claims with the Tax Commissioner, Shaper filed a declaratory judgment action with the Cuyahoga County Common Pleas Court, which was later transferred to the Franklin County Common Pleas Court. The Franklin County court denied Shaper's motion for summary judgment. Shaper appealed to the Franklin County Court of Appeals, which affirmed the common pleas court. *Shaper v. Tracy* (1994), 97 Ohio App.3d 760, 647 N.E.2d 550. A discretionary appeal and cross-appeal to this court were not allowed. *Shaper v. Tracy* (1995), 71 Ohio St.3d 1477, 647 N.E.2d 1257. Shaper subsequently filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 2, 1995. *Shaper v. Tracy* (1995), 516 U.S. __, 116 S.Ct. 274, 133 L.Ed.2d 195.

{¶ 3} At the same time Shaper filed her notice of appeal in the instant case, she also filed a motion to consolidate this appeal with her then pending appeal of the declaratory judgment action. In her motion to consolidate Shaper stated, "[b]oth

appeals involve the same legal issues" and "the same issues are raised in both appeals * * *." The tax years at issue in both appeals are the same.

{¶ 4} The commissioner filed a motion to dismiss or affirm the BTA's decision based upon *res judicata* and/or collateral estoppel. We denied the commissioner's motion, stating that *res judicata* raises merit questions that are to be resolved in a merit decision. *Shaper v. Tracy* (1995), 73 Ohio St.3d 1211, 654 N.E.2d 1268.

{¶ 5} This cause is now before this court upon an appeal as of right.

————————————

*Krislov & Associates, Ltd*. and *Clinton A. Krislov; Moses Krislov Co., L.P.A.,* and *Moses Krislov; Benesch, Friedlander, Coplan & Aronoff* and *Leon Friedberg*, *pro hac vice,*for appellant.

*Betty D. Montgomery*, Attorney General, and *Lawrence D. Pratt*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

{¶ 6} The legal issues presented in this case are, by Shaper's own admission, the same legal issues previously litigated by the parties in Shaper's declaratory judgment action. In *Grava v. Parkman Twp*. (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, we held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." See, also, *Superior's Brand Meats v. Lindley* (1980), 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996.

{¶ 7} Litigation of the legal issues raised by Shaper's refund claims is barred by *res judicata* in the instant case.

{¶ 8} The decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and SHERCK, JJ., concur.

JAMES R. SHERCK, J., of the Sixth Appellate District, sitting for STRATTON, J.

—————————