PAGE et al., Appellees,

v.

CHRYSLER CORPORATION, Appellant.

[Cite as *Page v. Chrysler Corp.* (1996), 116 Ohio App.3d 125.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17738.

Decided Dec. 4, 1996.

*Young & McDowall* and *Laura K. McDowall*, for appellees.

*Reminger & Reminger Co., L.P.A., Mark D. Amaddio* and *Brian D. Sullivan*, for appellant.

DICKINSON, Judge.

Defendant Chrysler Corporation ("Chrysler") has appealed from a judgment of the Summit County Common Pleas Court in favor of plaintiffs Lonnie and Minnie Page on their claim for damages under Ohio's "Lemon Law." Chrysler has argued that the trial court (1) incorrectly refused to set off the reasonable value of plaintiffs' use of the automobile from the amount of damages they were awarded; (2) incorrectly treated expenses plaintiffs incurred in preparation for trial as costs; and (3) incorrectly awarded plaintiffs excessive attorney fees. This

court affirms the judgment of the trial court because (1) plaintiffs were entitled to a refund of the full amount they paid for their automobile, (2) defendant waived the right to contest the treatment of litigation expenses as costs by not bringing that alleged error to the trial court's attention, and (3) the trial court's award of attorney fees was supported by the evidence.

## I

Plaintiffs purchased an automobile from defendant Fred Martin Motor Company that was manufactured by defendant Chrysler. On October 4, 1994, plaintiffs filed a complaint by which they alleged that defendants had breached express and implied warranties, violated Ohio's "Lemon Law," and committed unfair consumer practices. Defendants responded with answers and counterclaims. By their counterclaims, they requested that the amount of any damages awarded to plaintiffs be reduced by the reasonable value of plaintiffs' use of the automobile.

Plaintiffs' claims against defendant Fred Martin Motor Company were dismissed before trial. Their claims against defendant Chrysler were initially tried to a panel of arbitrators. The arbitrators found for plaintiffs and awarded Mr. Page $30,000 in damages and Mrs. Page $8,735.67 in damages. Chrysler appealed the arbitrators' award to the Summit County Common Pleas Court. Plaintiffs' claims were tried to a jury. At the outset, the trial court dismissed Chrysler's counterclaim. On January 5, 1996, the jury returned a verdict in favor of plaintiffs for $29,305.80.

After the jury's verdict, plaintiffs moved the trial court for an order requiring Chrysler to pay their attorney fees and costs. The trial court held a hearing on this issue and, on February 13, 1996, awarded plaintiffs $21,187 in attorney fees and costs. Chrysler timely appealed to this court.

## II

### A

Chrysler's first assignment of error is that the trial court incorrectly refused to set off the reasonable value of plaintiffs' use of the automobile from the amount of damages awarded. Evidence was presented to the trial court that plaintiffs drove the automobile during the time they were attempting to force Chrysler to replace it or to refund the full purchase price. Chrysler argued to the trial court that plaintiffs should not receive the full amount they paid for their automobile because, if they did, they would be retaining the benefits they derived from driving the vehicle without having to compensate Chrysler for the reasonable value of their use. Chrysler has maintained on appeal that, although Ohio's "Lemon Law" does not specifically grant it the right to set off the reasonable

value of plaintiffs' use against their damages, the common-law doctrine of unjust enrichment confers that right.

R.C. 1345.72(B) provides that a purchaser of a defective automobile may demand that the manufacturer replace the automobile or refund "[t]he full purchase price including, but not limited to, charges for undercoating, transportation, and installed options," "[a]ll collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges," "[a]ll finance charges incurred by the [purchaser]," and "[a]ll incidental damages, including any reasonable fees charged by the lender for making or canceling the loan." To hold that purchasers, under this section, may receive a refund of the price they paid only to the extent that it is not set off by the reasonable value of their use would be inconsistent with the statute's language. Words in a statute must be given their "usual, normal or customary meaning." *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 220, 631 N.E.2d 150, 153. R.C. 1345.72(B) unambiguously confers upon purchasers the right to a refund of the full amount they paid for their defective automobiles without having to compensate manufacturers for the reasonable value of their use. Plaintiffs have not been unjustly enriched because the statute specifically provides for that enrichment. Chrysler's first assignment of error is overruled.

B

Chrysler's second assignment of error is that the trial court incorrectly treated expenses plaintiffs incurred in preparation for trial as costs. After the jury reached its verdict, plaintiffs moved the trial court for an order requiring Chrysler to pay them attorney fees and costs. Plaintiffs asked that the award of costs include expenses incurred in preparation for trial. The trial court held a hearing and, afterwards, ordered Chrysler to compensate plaintiffs for their attorney fees and costs, including litigation expenses.

Chrysler has argued that the costs properly awardable in a Lemon Law case are limited to court costs and "do not include expenses incurred in the preparation of a matter for trial." A party waives the right to raise as error on appeal an issue that was apparent at the time of trial if the party did not bring it to the attention of the trial court. *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 545, 632 N.E.2d 1341, 1342–1343. Although Chrysler opposed the amount of attorney fees and costs plaintiffs requested in the trial court as too high, it did not argue that awardable costs did not include expenses incurred in trial preparation. It, therefore, waived that argument. Chrysler's second assignment of error is overruled.

## C

Chrysler's third assignment of error is that the trial court incorrectly awarded plaintiffs excessive attorney fees. This argument has two prongs: (1) the trial court erred by not reducing the attorney fee award to reflect the existence of a contingent fee arrangement between plaintiffs and their attorneys, and (2) the trial court erred by awarding fees for the full amount of time plaintiffs' attorneys spent preparing for arbitration.

In regard to the first prong, Chrysler has argued that the trial court should not have awarded attorney fees that were in excess of the amount plaintiffs were obligated to pay under the contingent fee arrangement they had with their attorneys. One of plaintiffs' attorneys testified at the fee hearing that plaintiffs had entered into a fee agreement with her firm under which plaintiffs, in the event of a successful outcome, were required to pay a sum equal to the amount of hours the lawyers spent working on the case multiplied by the firm's hourly rate. Plaintiffs requested that the trial court award them the amount they were obligated to pay under that fee agreement. The trial court awarded them less than that amount because it concluded that plaintiffs' attorneys had spent an excessive amount of time preparing for trial. Chrysler failed to demonstrate that the trial court awarded plaintiffs more fees than they were obligated to pay under the fee agreement.

In the second prong of its argument, Chrysler has suggested that plaintiffs' lawyers spent more time than was necessary preparing for arbitration, and, therefore, the trial court should have reduced its award of attorney fees accordingly. A licensed attorney testified for plaintiffs at the fee hearing that the amount of time their lawyers spent on the case was reasonable. In view of that testimony, the trial court did not err by including in its award of attorney fees the full amount of time plaintiffs' lawyers spent preparing for arbitration. Chrysler's third assignment of error is overruled.

## III

Chrysler's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.