*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0072P (6th Cir.)
File Name: 02a0072p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LINDA CLARK, on behalf of
herself and all others similarly
situated,
　　　　*Plaintiff-Appellant,*

　　　*v.*

PORTAGE COUNTY, OHIO, et
al.,
　　　　*Defendants-Appellees.*

No. 00-4312

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 99-01240—Dan A. Polster, District Judge.

Argued: November 30, 2001

Decided and Filed: February 26, 2002

Before: MERRITT, CLAY, and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Gary M. Smith, EQUAL JUSTICE
FOUNDATION, Dover, Ohio, for Appellant. John T.
McLandrich, MAZANEC, RASKIN & RYDER CO., L.P.A.,
Cleveland, Ohio, for Appellee. **ON BRIEF:** Gary M. Smith,

EQUAL JUSTICE FOUNDATION, Columbus, Ohio, for Appellant.  John T. McLandrich, MAZANEC, RASKIN & RYDER, Cleveland, Ohio, for Appellee.

———————————

**OPINION**

———————————

MERRITT, Circuit Judge.  Plaintiff Linda Clark brings this class action lawsuit pursuant to 42 U.S.C. § 1983, claiming deprivations of her rights and the rights of those similarly situated under Title IV-D of the Social Security Act, 42 U.S.C. § 651, *et seq*.  Plaintiff specifically claims that the Defendants, Portage County, Ohio, and the officials of the Portage County Child Support Enforcement Agency, failed to provide the enforcement services required to collect outstanding child support payments in violation of Title IV-D.  The question before us is whether the applicable sections of Title IV-D, 42 U.S.C. § 654 and 45 C.F.R. §§ 303.3 and 303.6, create a private right of action under which an individual may seek relief.  We conclude that they do not.  As a result, and for the reasons that follow, we AFFIRM the decision of the district court granting summary judgment for the Defendants.

The Plaintiff and her husband, James Clark, divorced in 1984.  Since that time, she has had considerable difficulty collecting child support payments due from her ex-husband for her two children, now ages 25 and 20.  As a result of his repeated efforts to avoid these obligations, the Plaintiff is owed over $20,000 in back child support. Beginning in 1991, the Plaintiff, a Portage County, Ohio resident, engaged in a frustrating battle with the Portage County Child Support Enforcement Agency, with the Plaintiff repeatedly asking the Agency to take legal action pursuant to a court order requiring Mr. Clark to make support payments of $90 per week.  In its opinion, the district court thoroughly detailed the unfortunate struggles of the Plaintiff, and they do not need to be reiterated here. *See Clark v. Portage County*, No. 5:99-CV-1240 (N.D. Ohio Sept. 27, 2000)(JA at 49).  Despite the Plaintiff's

obligations does not alone give rise to an individual right. 520 U.S. at 335-36.  Because the Plaintiff has not provided any theory under which we could walk through the narrow door left open by *Blessing*, we hold that the Plaintiff does not have an individual right deriving from Title IV-D by which she can sustain her § 1983 claim.  Accordingly, we AFFIRM the holding of the district court.

allegations that the Agency failed to provide adequate Title IV-D services to her, the district court granted Defendants' motion for summary judgment on the grounds that Title IV-D does not provide an individual right to sue the Defendants for failing to provide those services.

We review a district court's grant of summary judgment *de novo*, using the same standards as applicable to the district court. *Williams v. General Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999).

Under 42 U.S.C. § 1983, an individual may bring a private right of action against anyone, who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statutes. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Maine v. Thiboutot*, 448 U.S. 1 (1980).  When determining whether a statutory provision gives rise to a federal right, we must ask (1) whether the plaintiff is an intended beneficiary of the statute, (2) whether the plaintiff's asserted interests are so vague and amorphous as to be beyond the competency of the judiciary to enforce them, and (3) whether the statute imposes a binding obligation on the State. *Blessing*, 520 U.S. at 340-41 (citations omitted).

In *Blessing v. Freestone*, 520 U.S. 329 (1997), the Supreme Court considered the extent to which Title IV-D gives rise to an individual right of enforcement.  In *Blessing*, the Plaintiffs alleged that the Arizona child support enforcement agency failed to take adequate steps to obtain child support payments from non-custodial fathers. *Id.* at 332.  Their specific allegation complained not that the agency violated a specific right, but that it did not substantially comply with Title IV-D. *Id.*  Finding that the Title IV-D substantial compliance requirements were not intended to benefit individual children and custodial parents, the Supreme Court held that the "substantial compliance" provision did not confer a federal right. *Id.*  The Court, however, did "not foreclose the possibility that some provisions of Title IV-D give rise to individual rights," but emphasized that plaintiffs must be able

to "identify with particularity the rights they claimed." *Id.* at 345, 342.

In her brief, the Plaintiff cites to several statutory sections which she claims provide her with an enforceable claim, that is, evidence of a statutory right to sue the Defendants. First, the Plaintiff cites §§ 654(4)(B) and (8), which provide:

A State plan for child and spousal support must--
  (4) provide that the State will
    (B) enforce any support obligation established with respect to--
      (i) a child with respect to whom the State provides services under the plan; or
      (ii) the custodial parent of such a child;

*      *      *

(8) provide that, for the purpose of establishing parentage, establishing, setting the amount of, modifying, or enforcing child support obligations, or making or enforcing a child custody or visitation determination, as defined in section 663(d)(1) of this title, the agency administering the plan will establish a service to locate parents utilizing–

  (A) all sources of information and available records; and
  (B) the Federal Parent Locator Service established under section 653 of this title, and shall, subject to the privacy safeguards required under paragraph (26), disclose only the information described in sections 653 and 663 of this title to the authorized persons specified in such sections for the purposes specified in such sections.

42 U.S.C. §§ 654(4)(B) and (8).

The Plaintiffs also cite federal regulations 45 C.F.R. §§ 303.3 and 303.6 as evidence of an individual right to sue. Section 303.3 sets forth the guidelines that states must employ

in locating non-custodial parents. Section 303.6 states that the agency must maintain and use an "effective system" for monitoring compliance with support obligations, identifying the occurrence of delinquencies, and enforcing payment obligations.

We conclude that the above-cited provisions do not provide the Plaintiff with an individual right to sue. Even assuming that the Plaintiff is an intended beneficiary of Title IV-D, a question we need not decide, the Plaintiff's claimed interests, like those of the plaintiffs in *Blessing*, are so vague and amorphous as to be beyond the competence of the judiciary to enforce on behalf of individuals. For example, the state plan requirements in § 654(4)(B) do not make it clear whether an individual right would arise based on the alleged inadequacy of the state plan's wording or from a deficiency in the enforcement efforts of the agency. The lack of such parameters indicates that, regardless of whether the Plaintiff is an intended beneficiary of Title IV-D, Congress did not intend to give her a private right of action to challenge agency actions.

It is easy to see why that is the case. Under the Plaintiff's theory, the state agency would be hauled into federal court each time one of the millions of child support claimants is dissatisfied because the state has not collected child support payments. The state itself or its officers would become liable in damages under some uncertain standard not delineated in the statute. If states and their officials were liable in federal court for failing to collect child support, a domestic relations role federal courts have studiously avoided for 150 years, even in diversity cases, *see Barber v. Barber*, 62 U.S. 582, 584 (1858)(in diversity "we disclaim altogether any jurisdiction upon the subject of divorce, or for the allowance of alimony"); *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)(same in child custody cases), we would need a whole cadre of new federal domestic relations judges.

In sum, as the Supreme Court made clear in *Blessing*, the simple lack of effectiveness by a state in enforcing support