**MAITLAND et al., Appellants,**

**v.**

**FORD MOTOR COMPANY et al., Appellees.**

[Cite as *Maitland v. Ford Motor Co.,* 153 Ohio App.3d 161, 2003-Ohio-3009.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–935

Decided June 12, 2003.

162

Maguire & Schneider, L.L.P., and Brian E. Dickerson;  Murray & Murray Co., L.P.A., John T. Murray and Barbara Quinn Smith, for appellants.

Baker & Hostetler, L.L.P., Elizabeth A. McNellie and Rodger L. Eckelberry; O'Melveny & Myers, L.L.P., Brian Brooks, pro hac vice, and Morgen A. Sullivan, pro hac vice, for appellee Ford Motor Company.

Zeiger & Carpenter, L.L.P., Michael H. Carpenter and Jeffrey A. Lipps, for appellee General Motors Corporation.

Vorys, Sater, Seymour & Pease, L.L.P., Suzanne K. Richards and Nina I. Webb–Lawton; Bryan Cave, L.L.P., Charles A. Newman, pro hac vice, Jeffrey S. Russell, pro hac vice, and Paul V. Stearns, pro hac vice, for appellee Daimler-Chrysler Corporation.

---

BOWMAN, J.

{¶ 1} Plaintiffs-appellants, Beatrix Maitland, Elton J. Shaw, and Duane J. Adams, individually and on behalf of a class, appeal an order by the Franklin County Court of Common Pleas that granted a motion to dismiss by defendants-appellees, Ford Motor Company, DaimlerChrysler Corporation, and General Motors Corporation, in this action alleging violations of various sections of the Ohio Consumer Sales Practices Act (R.C. 1345.01 et seq.) and fraud.

{¶ 2} The named appellants leased or purchased automobiles from each of the three named appellees. In each circumstance, the vehicles repeatedly malfunctioned, and appellants initiated proceedings to rescind the purchase or lease contract pursuant to Ohio's Nonconforming New Motor Vehicle Law, otherwise known as the "Lemon Law." Each action was referred to a dispute-resolution board established by the car manufacturers, and in each case, the board determined that the vehicle met the statutory definition of a nonconforming vehicle, entitling the buyers to relief in the form of a refund, repurchase, or replacement. However, in each case, the dispute-resolution board determined that the manufacturers were entitled to a mileage deduction for reasonable use of the vehicles.

{¶ 3} In September 2000, appellants filed their class-action complaint alleging that the imposition of these "set off" amounts violated specific provisions of both the Lemon Law and the Consumer Sales Practices Act and constituted fraud. Appellees followed with a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. The gist of appellees' motion was that because each of the named appellants accepted the settlement offer by the arbitration boards, they waived their right to pursue further legal action against the manufacturers and cannot maintain their cause of action. Attached to appellees' motion were several exhibits that consisted of an initial letter from the Ohio Attorney General's office to an arbitration board member indicating that an offset for reasonable usage of the vehicle would be permitted under Ohio law and a later letter, dated October 2000, indicating that this policy was no longer in effect and that it would not be "appropriate to allow an arbitrator to grant relief that would not be available to the same party if the case had gone to court."

{¶ 4} In its July 2001 decision, the trial court granted the motion to dismiss, finding that appellees had not violated the Lemon Law by allowing their dispute-resolution boards to impose a set-off because, in each instance, the consumer was free to reject the settlement offer of the board and proceed to litigation, and that since appellants had accepted the settlement offers, they could not obtain the relief sought by their class-action suit. The court additionally held that no violation of the Consumer Sales Practices Act could be found for the same reason, and that appellants failed to meet the requirements for maintaining a common-law fraud claim because they did not assert any facts that were misrepresented or omitted by appellees. Thus, the court concluded that appellants had failed to state a claim upon which relief could be granted.

{¶ 5} Appellants now assign the following as error:

{¶ 6} "Assignment of Error No. 1: The trial court erred as a matter of law by failing to accept the allegations of the complaint as true.

{¶ 7} "Assignment of Error No. 2: The trial court erred as a matter of law in holding that appellants failed to state a claim for violation of Ohio's Lemon Law, R.C. 1345.71 et seq.

{¶ 8} "Assignment of Error No. 3: The trial court erred as a matter of law in holding that appellants failed to state a claim for violation of Ohio's Consumer Sales Practices Act, R.C. 1345.01 et seq.

{¶ 9} "Assignment of Error No. 4: The trial court erred as a matter of law in holding that appellants failed to state a claim for fraud."

{¶ 10} Appellants' assignments of error will be addressed out of order.

{¶ 11} Appellants' second assignment of error argues that the trial court erroneously concluded that appellants failed to state a claim for violation of Ohio's Lemon Law, R.C. 1345.71 et seq.

{¶ 12} In *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus, the Ohio Supreme Court held:

{¶ 13} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12[B][6] ), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson* [1957], 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed.)"

{¶ 14} In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.

{¶ 15} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.

{¶ 16} Thus, the issue before this court is whether, accepting all factual allegations as true and drawing all reasonable inferences in favor of appellants, appellants' complaint was sufficient to state a claim that appellees violated consumer-protection laws and committed fraud by assessing a mileage charge for appellants' use of the cars.

{¶ 17} Ohio's Lemon Law, enacted in 1987, was designed to address the inherent shortcomings in previous consumer-protection laws, which often failed to provide an adequate remedy to consumers of defective automobiles. Comment, Ohio's Lemon Law: Ohio Joins the Rest of the Nation in Waging War Against the Automobile Limited Warranty (1989), 57 U.Cin.L.Rev. 1015, 1022. Pursuant to R.C. 1345.72(A), if the condition of the vehicle does not conform to its express warranty, the manufacturer must make any necessary repairs in order to conform the vehicle to the warranty. Pursuant to R.C. 1345.72(B):

{¶ 18} "(B) If the manufacturer, its agent, or its authorized dealer is unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any nonconformity after a reasonable number of repair attempts, the manufacturer, at the consumer's option and subject to division (D) of this section, either shall replace the motor vehicle with a new motor vehicle acceptable to the consumer or shall accept return of the vehicle from the consumer and refund each of the following:

{¶ 19} "(1) The full purchase price;

{¶ 20} "(2) All incidental damages, including, but not limited to, any fees charged by the lender or lessor for the making or canceling the loan or lease, and any expenses incurred by the consumer as a result of the nonconformity, such as charges for towing, vehicle rental, meals, and lodging."

{¶ 21} R.C. 1345.75 gives consumers a cause of action against manufacturers who do not comply with the requirements of R.C. 1345.72, stating:

{¶ 22} "(A) Any consumer may bring a civil action in a court of common pleas or other court of competent jurisdiction against any manufacturer if the manufacturer fails to comply with section 1345.72 of the Revised Code and, in addition to

the relief to which the consumer is entitled under that section, shall be entitled to recover reasonable attorney's fees and all court costs."

{¶ 23} According to appellants, because R.C. 1345.72 is specific about what types of refunds and damages may be awarded or assessed when a vehicle is deemed nonconforming, the imposition of a set-off was in violation of the statute, and, therefore, actionable pursuant to R.C. 1345.75(A), which permits any consumer to bring a civil action in a court of common pleas against any manufacturer "if the manufacturer fails to comply with section 1345.72 of the Revised Code." Appellants maintain that they brought their complaint in order to assert that appellees had violated R.C. 1345.72's requirement that once a vehicle is found to be nonconforming, the consumer must be offered a full refund without deductions for mileage. Moreover, appellants argue that the statute never gave the Attorney General the authority to permit set-offs, and so their awards were contrary to law despite guidelines which appeared to authorize them.

{¶ 24} The trial court found that R.C. 1345.72 does not limit the ability of a manufacturer to offer a sum less than the full statutory recovery in exchange for the consumer's avoiding litigation. In considering appellants' claims that the court's decision misinterpreted both the Lemon Law and the Consumer Sales Practices Act, this court's review is de novo, since the facts are undisputed and the only question is whether the mileage deductions were permitted by law. "Construction of a statute is not a question of fact but a question of law." *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425.

{¶ 25} The statute does not specifically grant manufacturers the right to set off the reasonable value of the consumer's use against their damages, nor does it provide that a manufacturer may recover an offset for unusually high mileage, or use high mileage as a defense to a nonconforming motor vehicle claim. *Page v. Chrysler Corp.* (1996), 116 Ohio App.3d 125, 687 N.E.2d 9; *Kapel v. Ford Motor Co.* (July 3, 1997), Geauga App. No. 96–G–2028, 1997 WL 401532.

{¶ 26} A review of statutes in other states indicates that an overwhelming majority of Lemon Laws specifically allow the manufacturer to make a reasonable-use deduction. For example, Michigan requires the refund of the purchase or lease price "less a reasonable allowance for the consumer's use of the vehicle, and less an amount equal to any appraised damage that is not attributable to normal use or to the defect or condition." M.C.L.A. 257.1403(2). Kentucky interprets the full purchase price of the vehicle as being "the amount paid for the motor vehicle, finance charge, all sales tax, license fee, registration fee, and any similar governmental charges plus all collateral charges, less a reasonable allowance for the buyer's use of the vehicle." Ky.Rev.Stat.Ann. 367.842(2). Indiana's set-off provision is practically identical to Kentucky's. See Ind.Code 24–5–13–11. Pennsylvania specifically allows a deduction "not exceeding 10¢ per

mile driven or 10% of the purchase price or lease price of the vehicle, whichever is less." 73 Pa.Stat.1955. West Virginia is the only state besides Ohio that has enacted a Lemon Law that does not explicitly provide for a reasonable-use deduction. See W.Va.Stat. 46A–6A–4.

{¶ 27} Clearly, had the Ohio General Assembly wished to permit the award of a reasonable allowance for the consumer's use of the vehicle, it could have explicitly done so when enacting or amending the Lemon Law. From the statute's silence on the issue of mileage deductions, we conclude that the legislature chose not to permit mileage deductions. We disagree with appellees that the general statutory authority of the Attorney General to promulgate rules for the establishment and operation of informal dispute-resolution boards extended to allowing manufacturers to deduct mileage as compensation for the consumer's use of the car.

{¶ 28} Appellees also urge that in assessing charges for mileage, they were simply following the Attorney General guidelines and, thus, were not in violation of the Lemon Law or any other law or rule protecting consumers, and claim that decisions of the boards to permit a refund in each of these cases were merely settlement offers, which appellants were free to reject.

{¶ 29} These arguments are not well taken. First, as stated above, regardless of any letters or opinions of any Attorney General, past or present, the Ohio Revised Code does not specifically permit reasonable-use allowances, and the authority of the Attorney General to promulgate rules for the establishment of dispute-resolution boards cannot be extended to include permitting assessment of charges to the consumer beyond those specifically enumerated in the Code.

{¶ 30} In addition, the dispute-resolution boards rendering decisions in these cases are creatures of statute, and their duties and powers are governed strictly by the Lemon Law sections of the Code. The board's "settlement offers" derive not from an arbitration as that word is generally understood because, by statute, only the manufacturers are bound by the terms of the offers. Dissatisfied consumers may reject the offer and file suit. Even if the consumer accepts the offer, nothing in the statute suggests that a consumer's acceptance results in a waiver of any and all opportunity to protest its terms. Moreover, there was nothing before the trial court indicating that appellants accepted the settlement offers and, by doing so, intended to waive any subsequent cause of action against appellees.

{¶ 31} If a board were free to make any settlement offer it wished on the premise that the consumer could always reject the offer and sue, the Lemon Law could not fulfill its intended purpose of protecting the consumer. The average consumer of a nonconforming vehicle can neither afford nor justify protracted litigation, which could easily cost more than the value of the vehicle. As a result, when faced with a choice between a full refund, less a few hundred or thousand

dollars for mileage, and a protracted lawsuit with no guarantee of success, a prudent consumer would accept settlement every time. Thus, manufacturers could receive a benefit not contemplated by the statute.

■ {¶ 32} Because the vehicles in question were found by the board to be nonconforming, appellees were required by R.C. 1345.72 to accept their return and refund the full purchase price with incidental damages and expenses without imposing a mileage deduction. Thus, because a mileage deduction was imposed, appellees were in violation of R.C. 1345.72, and appellants were entitled, pursuant to R.C. 1345.75, to bring a civil action against appellees for noncompliance. We sustain appellants' second assignment of error.

{¶ 33} Appellants' third assignment of error charges that the trial court erred in finding that appellants had failed to state a viable claim for violation of the Consumer Sales Practices Act. According to appellants, appellees committed deceptive sales practices by charging the mileage deduction and by failing to award a full refund as required by R.C. 1345.72. Appellees claim that there could have been no deception where they were only acting pursuant to instructions given by the Attorney General.[1]

{¶ 34} The Ohio Consumer Sales Practices Act, set forth in R.C. Chapter 1345, is "a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11." *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933. R.C. 1345.02 prohibits suppliers from committing unfair or deceptive acts or practices in connection with consumer transactions. R.C. 1345.03 prevents a supplier from committing unconscionable acts or practices in connection with consumer transactions and lists circumstances to be considered in determining whether the supplier knowingly took unfair advantage of the consumer. The difference between the two statutes involves an issue of whether the supplier misrepresented the product, the price, or other aspects of the transaction, or whether the supplier knowingly took advantage of the consumer's inferior bargaining position.

■ {¶ 35} In this case, the issue is whether appellees' application of set-off amounts constituted an unfair, deceptive, or unconscionable consumer sales practice. Clearly, despite appellees' protestation that appellants were not required to accept the terms of the settlement offers and could, instead, choose to litigate their claims, appellants could be considered to be in an inferior bargaining position in that the costs and risks of rejecting the settlement offer and proceeding with a lawsuit were prohibitively high. Considering R.C. 1345.02 and

---

1. Appellants have not raised as error the trial court's consideration of matters outside the pleadings.

1345.03 in light of the facts and in light of our finding that mileage deductions are in violation of R.C. 1345.72, we find that appellants' complaint was legally sufficient to state a claim that the board's settlement offer of a full refund less the mileage deduction was in violation of the Consumer Sales Practices Act. Appellants' third assignment of error is sustained.

{¶ 36} Appellants' fourth assignment of error asserts that the trial court should not have dismissed their fraud claim. The trial court did so based upon its finding that:

{¶ 37} "Plaintiffs cannot satisfy the elements of fraud, because plaintiffs have asserted no fact that has been misrepresented or omitted. Plaintiff's complaint claims that although 'defendants were aware that the Lemon Law required that they provide a full refund to consumers who prevailed upon their arbitration claims,' they intentionally concealed this 'fact' from plaintiffs. However, * * * any representation or omission by defendants regarding the Lemon Law would be an opinion, which cannot form the basis of an action for fraud."

{¶ 38} We agree with this analysis by the trial court, and hold that the board's imposition of mileage deductions and statements related thereto were not representations or omissions, but instead were statements of opinion. Thus, we overrule appellants' fourth assignment of error.

{¶ 39} Appellants' first assignment of error charges that the trial court did not accept the allegations of the complaint as true in ruling on the motion to dismiss because the court stated:

{¶ 40} "Although, R.C. 1347.72(B) [sic, appropriate section is R.C. 1345.72(B) ] requires a manufacturer to either replace the motor vehicle or refund the full purchase price of the motor vehicle when a violation has been determined, in the case at hand, no violation of the Ohio Lemon Law had been determined."

{¶ 41} Our disposition of appellants' second assignment of error renders this argument moot, and so we overrule appellants' first assignment of error.

{¶ 42} Appellants' first assignment of error is overruled as moot, appellants' second and third assignments of error are sustained, and appellants' fourth assignment is overruled. The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded with instructions to reactivate this matter and proceed on appellants' Lemon Law and Consumer Sales Practices Act claims.

Judgment reversed
and cause remanded with instructions.

Tyack and Brown, JJ., concur.