OPINION
{¶ 1} Rhonda Bungard, Lora Ramsey-Labbe, Paula Labbe, Lisa Walker, Celeste Spradlin, and Vicki Krafthefer (collectively, "appellants") brought a class-action suit in the Ohio Court of Claims against the Ohio Department of Job and Family Services ("ODJFS"). Together, they allege that ODJFS breached its statutory duties to regulate and enforce the payment of child support, and that each of them was harmed as a result. The complaint set forth causes of action for negligence, negligence per se, breach of *Page 2 
contract, breach of fiduciary duty, and violations of Ohio's Consumer Sales Practices Act ("CSPA"). ODJFS moved to dismiss all claims, and the trial court granted the motion for lack of subject matter jurisdiction, and for failure to state a claim upon which relief could be granted. Appellants now appeal that dismissal.
 {¶ 2} There are three distinct issues within this case: (1) whether the Court of Claims has subject matter jurisdiction over claims arising out of an administrative determination by a state agency; (2) whether, as a matter of statutory interpretation, ODJFS can be sued as a "supplier" under the CSPA; and (3) whether a state agency's alleged breach of statutory duties can be the basis for civil claims, either in contract or in tort. The Ohio Revised Code sets forth procedures for the redress of claims against state agencies such as ODJFS, and those remedies are impliedly exclusive of any other remedies. We therefore hold that the trial court correctly dismissed the appellants' claims for lack of subject matter jurisdiction, and we affirm the judgment of the trial court.
 {¶ 3} Appellants assign five errors for our consideration:
 I. THE COURT OF CLAIMS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO CIVIL RULE 12(B)(1).
 II. THE COURT OF CLAIMS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CONSUMER SALES PRACTICES ACT CAUSES OF ACTION FOR LACK OF JURISDICTION PURSUANT TO CIVIL RULE 12(B)(1).
 III. THE COURT OF CLAIMS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S NEGLIGENCE CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO CIVIL RULE 12(B)(6). *Page 3 
 IV. THE COURT OF CLAIMS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CONTRACT CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO CIVIL RULE 12(B)(6).
 V. THE COURT OF CLAIMS COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIDUCIARY DUTY CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO CIVIL RULE 12(B)(6).
 {¶ 4} We review judgments granting motions to dismiss de novo.Lott v. Public Emp. Retirement Sys. of Ohio, Franklin App. No. 02AP-531, 2002-Ohio-6742, at ¶ 6 (citing Greeley v. Miami Valley MaintenanceContractors, Inc. [1990], 49 Ohio St.3d 228, 229, 551 N.E.2d 981).
 {¶ 5} The State of Ohio cannot be sued in its own courts unless it expressly consents to it. See, e.g., Proctor v. Kardassilaris,115 Ohio St.3d 71, 873 N.E.2d 872, 2007-Ohio-4838, ¶ 7 (citing Manning v. OhioState Library Bd. [1991], 62 Ohio St.3d 24, 29-30, 577 N.E.2d 650); see Section 16, Article I, Ohio Constitution ("Suits may be brought against the state, in such courts and in such manner, as may be provided by law."). This constitutional provision, however, does not give consent for every state entity to be sued in every state court. See Conley v.Shearer (1992), 64 Ohio St.3d 284, 285, 595 N.E.2d 862 (citingRaudabaugh v. State [1917], 96 Ohio St. 513, 518, 118 N.E. 102). The provision merely confers authority on the legislature to create statutory remedies as needed. Ibid. Absent specific statutory authorization, or waiver, the State of Ohio and its individual agencies enjoy a presumption of sovereign immunity. See ibid. Thus, no *Page 4 
individual can bring a lawsuit against the state or one of its agencies unless the General Assembly has permitted the lawsuit.
 {¶ 6} If no statutory authority for a lawsuit against the state exists, the suit is barred because the court lacks subject matter jurisdiction over the controversy. See, e.g., Proctor, supra, at ¶ 4-6. Subject matter jurisdiction is what gives a court the power to hear and decide a case upon its merits. Morrison v. Steiner (1972),32 Ohio St.2d 86, 87, 290 N.E.2d 841, paragraph one of the syllabus. Subject matter jurisdiction is "a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." Pratts v. Hurley, 102 Ohio St.3d 81,806 N.E.2d 992, 2004-Ohio-1980, at ¶ 11; see State ex rel. Ohio Democratic Party v.Blackwell, 111 Ohio St.3d 246, 855 N.E.2d 1188, 2006-Ohio-5202, at ¶ 8.
 {¶ 7} The crux of appellants' claims is that ODJFS failed to adequately execute its duties to establish and regulate the child support enforcement agencies, and consequently failed to ensure the proper collection, enforcement, and distribution of child support monies as required by R.C. 3125.03, 3125.11, 3125.24, 3125.43 et al. (Complaint, at 4-5.) Appellants correctly cite the Revised Code for the propositions that ODJFS does in fact carry these duties. However, appellants do not cite to any statute that gives aggrieved individuals a private claim for relief against ODJFS (i.e., the state). If the General Assembly had intended for the average person to be able to sue ODJFS anytime they had a complaint with the way the agency was operating, then the General Assembly would have created legislation to that effect. Since the General Assembly has not done so, courts lack subject matter jurisdiction over these claims, and the trial court's decision in this case was correct. *Page 5 
 {¶ 8} As noted by the trial court, the requisite standard in reviewing motions to dismiss for lack of subject matter jurisdiction is whether the complaint sets forth any claim for relief cognizable in the forum. See State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80,537 N.E.2d 641 (citing Avco Fin. Servs. Loan, Inc. v. Hale (1987),36 Ohio App.3d 65, 67, 520 N.E.2d 1378. In reviewing the motion, the trial court must assume all factual allegations in the complaint to be true and resolve any inferences drawn therefrom in favor of the appellants. SeeState ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378 (per curiam) (holding that all reasonable factual inferences must be construed in favor of the plaintiff);Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753 (holding that the trial court must assume, as a matter of law, that all the factual allegations on the face of the complaint are true); but, see, Singleton v. Adjutant Gen. of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838 ("In deciding a motion to dismiss * * * a trial court must limit its consideration to the four corners of the complaint."). Applying that standard to this case, the complaint fails to set forth an adequate basis for jurisdiction over its claims for relief.
 {¶ 9} Because the General Assembly did not grant a private right of action to citizens in any of the statutes under which the plaintiffs have brought suit, we hold that the trial court lacks subject matter jurisdiction over the claims. We therefore overrule the first assignment of error.
 {¶ 10} The second assignment of error concerns the trial court's dismissal of appellants' CSPA claims against ODJFS, under R.C. 1345 et seq. The trial court found that the CSPA did not apply to ODJFS because the agency is not a "supplier" within the meaning of the CSPA. We agree. *Page 6 
 {¶ 11} Ohio's Consumer Sales Practices Act was enacted to prohibit and provide civil remedies to enforce prohibition of deceptive and unconscionable acts and practices by "suppliers" in connection with consumer transactions. See Brown v. Market Development, Inc. (1974), 41 Ohio Misc. 57, 60, 322 N.E.2d 367. The CSPA primarily prohibits two types of acts (or omissions) within the context of consumer transactions: deceptiveness and unconscionability. See id., at 60-61 (quoting R.C. 1345.02[A] and 1345.03[A]). The issue here, is not whether the acts in question were deceptive or unconscionable, but whether ODJFS is a "supplier" within the meaning of the Act, R.C. 1345.01(C). We believe ODJFS is not.
 {¶ 12} The CSPA defines a "supplier" as:
 [A] seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. If the consumer transaction is in connection with a residential mortgage, "supplier" does not include an assignee or purchaser of the loan for value, except as otherwise provided in [R.C. 1345.091]. For purposes of this division, in a consumer transaction in connection with a residential mortgage, "seller" means a loan officer, mortgage broker, or nonbank mortgage lender.
R.C. 1345.01. Although the statute does not explicitly state that the government cannot be a supplier, there is nothing to suggest that the government is a supplier. Noscitur a sociis, which means "it is known from its associates," is a canon of statutory construction providing that the meaning of an ambiguous statutory word or phrase be determined by the terms or phrases surrounding it. See Black's Law Dictionary (8 Ed.2004) 1087; Limited, Inc. v. C.I.R. (C.A.6, 2002), 286 F.3d 324, 332
("[I]n determining the meaning of *Page 7 
an undefined term, the maxim of noscitur a sociis * * * directs us to look to accompanying words to deduce the undefined word's meaning.").
 {¶ 13} In this case, the terms associated with the legislature's intent to define "supplier" are sellers, lessors, or people engaged in consumer business transactions. These terms are not synonymous with government action regarding child support matters.
 {¶ 14} Appellants claim, however, that the state is a "person" within the meaning of the CSPA, and argues that because the statute defines the government as a person, the statute authorizes the government to be sued under the Act. (Appellants' Brief, at 13.) Although the first part of appellants' argument is correct — the state is a "person" within the meaning of the CSPA — the Act only applies to "suppliers" who are engaged in consumer transactions (with people). Appellants incorrectly conclude that because the state is defined in R.C. 1345.01(B) as a "person," it is subject to suit under the CSPA as a supplier. However, the state is not a supplier of child support as explained in more detail below.
 {¶ 15} The State of Ohio (or one of its agencies) cannot be a "supplier" within the meaning of the CSPA unless the State has become a market participant. See, generally, United Haulers Assn., Inc. v.Oneida-Herkimer Solid Waste Mgt. Auth. (2007), 127 S. Ct. 1786,1806-1807 ("Under the market-participant doctrine, a State is permitted to exercise `independent discretion as to parties with whom [it] will deal.'") For example, when the State of Ohio sells lottery tickets or issues municipal bonds, the state is a market participant. SeeShaper v. Tracy (1994), 97 Ohio App.3d 760, 763, 647 N.E.2d 550 ("The market participant doctrine recognizes that when a sovereign acts as a consumer or *Page 8 
vendor in commerce, its actions as a market participant are distinct from its actions as a market regulator.") Ohio is not a market-participant in child support matters. We therefore overrule the second assignment of error.
 {¶ 16} The third, fourth, and fifth assignments of error challenge the trial court's dismissal of appellants' negligence, breach of contract, and breach of fiduciary duty causes of action for failure to state a claim upon which relief can be granted.
 {¶ 17} Under Civ.R. 12(B)(6), a trial court may dismiss a complaint for failure to state a claim upon which relief can be granted when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. Univ. Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, at paragraph one of the syllabus; Maitland v. Ford Motor Co., 153 Ohio App.3d 161, 164-165,792 N.E.2d 207, 2003-Ohio-3009, at ¶ 14 (reversed on other grounds) (citation omitted). Plaintiffs are not required, however, to prove their cases at the pleading stage. York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 145, 573 N.E.2d 1063. All that is necessary to survive a motion to dismiss is that the complaint set forth a plain statement of facts, which, if true, would entitle the pleader to some relief. See Civ.R. 8(A). This is a concept known as "notice pleading." Columbia Gasof Ohio, Inc. v. Robinson (1995), 81 Ohio Misc.2d 15, 673 N.E.2d 701,702.
 {¶ 18} We have held above that appellants' claims are barred because the court lacks subject matter jurisdiction over them. In the interest of completeness, however, we examine the facts alleged in the complaint to see whether the elements of negligence, breach of contract, and breach of fiduciary duty were properly pled. *Page 9 
 {¶ 19} The elements of negligence are: (1) existence of a duty of care; (2) breach of that duty; and (3) damages proximately caused by the breach. Wallace v. Ohio Dept. of Commerce, 96 Ohio St.3d 266,773 N.E.2d 1018, 2002-Ohio-4210, at ¶ 22. If the defendant owed the plaintiff no duty of care, there can be no action for negligence. See id; see, also,Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285, 423 N.E.2d 467. Whether a duty of care exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265.
 {¶ 20} The trial court dismissed appellants' negligence claims based on the economic loss theory, which provides that appellants cannot sue for damages in tort where the duty owed arises out of a contract. SeeCorporex Dev. Constr. Mgt, Inc. v. Shook, Inc., 106 Ohio St.3d 412,835 N.E.2d 701, 2005-Ohio-5409, at ¶ 6. "[T]ort law is not designed to compensate parties for losses suffered as a result of a breach of [contractual] duties * * *; that type of compensation necessitates an analysis of the damages * * * within the contemplation of the parties when framing their agreement, and remains the particular province of the law of contracts." Id. (quoting Floor Craft Floor Covering, Inc. v.Parma Community Gen. Hosp. Assn. (1990), 54 Ohio St.3d 1, 7,560 N.E.2d 206. Additionally, the trial court found that the complaint alleged only economic damages — i.e., ODJFS's untimely or nonpayment of child support. (Decision, at 4.) The purpose of the economic loss rule is to bar plaintiffs from claiming damages for defendants' alleged breach of duties different from those contemplated by those parties. For example, if parties to a contract negotiate a clause waiving consequential damages, or damages for delay, the economic loss rule bars either party from circumventing the terms of that agreement by suing in tort. SeeCorporex, supra, at ¶ 8. In this case, *Page 10 
however, the parties did not have a contract (see infra), which renders the economic loss rule inapplicable.
 {¶ 21} Despite the economic loss rule, appellants' claim for negligence fails because the complaint does not establish a requisite duty of care. Appellants argue that ODJFS owes them duties under R.C.3125.02 et seq., which requires ODJFS to establish and maintain child support enforcement agencies in each of Ohio's 88 counties, and to enforce the law as it pertains to collecting and distributing child support payments. This is a statutory duty of care — i.e., created by the legislature — and the legislature also created a remedy to redress grievances pertaining to it. See, e.g., Ohio Adm. Code 5101:6-3-01. As the trial court noted: "In this case, plaintiffs had the opportunity to challenge the child support determinations at issue through an appellate process that is set forth in both statutes and administrative rules. [This] process * * * is broad and encompasses the issues raised in plaintiffs' complaint." (Decision, at 6.) We, therefore, overrule the third assignment of error.
 {¶ 22} To prove breach of contract, a plaintiff must show: (1) that a valid contract exists; (2) performance by the plaintiff; (3) non-performance, or breach, by the defendant; and (4) damages resulting from that breach. O'Brien v. Ohio State Univ., Franklin App. No. 06AP-946, 2007-Ohio-4833, at ¶ 44; Powell v. Grant Med. Ctr,148 Ohio App.3d 1, 771 N.E.2d 874, 2002-Ohio-443, at ¶ 27 (both cases citing, with approval, Lawler v. Burt [1857], 7 Ohio St. 340, 350).
 {¶ 23} Here, there is no contract. Appellants did not attach a contract to their complaint; instead, they argued that they were "intended beneficiaries of government contracts." (Decision, at 3.) A third-party beneficiary is one for whose benefit a promise *Page 11 
has been made in a contract but who is not a party to the contract.Berge v. Columbus Community Cable Access (1999), 136 Ohio App.3d 281,736 N.E.2d 517, 532. Before a third-party beneficiary can enforce that contract, however, the individual must be an intended beneficiary, as opposed to merely an incidental beneficiary. Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 521 N.E.2d 780. It is not necessary for the third party to be expressly identified in the contract, however, the contract must have been made and entered into with the intent to benefit that individual. See Doe v. Adkins (1996),110 Ohio App.3d 427, 436, 674 N.E.2d 731; see, also, Norfolk WesternCo. v. U.S. (C.A.6, 1980), 641 F.2d 1201, 1208.
 {¶ 24} Turning to the complaint, appellants alleged that ODJFS's "actions or failures to act * * * caused plaintiffs and those similarly situated to suffer injury from defendant's breach of its contract with plaintiffs * * *." (Complaint, at ¶ 177.) This paragraph comprises appellants' entire claim for breach of contract, and, on its face, fails to set forth the existence of a contract. On the other hand, the complaint describes countless allegations that ODJFS breached its statutory duties to appellants, but even accepting that allegation as a fact, a contract it does not make. Statutes are laws and regulations, they are not contracts. Thus, the trial court correctly concluded that there was no contract, and dismissed the claim under Civ.R. 12(B)(6). The fourth assignment of error is overruled.
 {¶ 25} Breach of fiduciary duty is akin to negligence, to the extent that a defendant must have breached some duty owed to the plaintiff — this duty must arise out of a fiduciary relationship, which the plaintiff must prove. See, generally, Groob v. KeyBank,108 Ohio St.3d 348, 843 N.E.2d 1170, 2006-Ohio-1189, at ¶ 16. A "fiduciary" is a person *Page 12 
who undertakes a duty to act primarily for the benefit of another in matters connected with his undertaking. Id. (quoting Strock v.Pressnell [1988], 38 Ohio St.3d 207, 216, 527 N.E.2d 1235). A fiduciary relationship forms when a person places "special confidence and trust * * * in the integrity and fidelity of another" (the fiduciary), which results in the fiduciary having a position of superiority or influence acquired by virtue of this special trust. Groob, at ¶ 62.
 {¶ 26} Using that standard, the complaint fails to allege facts that could establish a fiduciary relationship between appellants and ODJFS. Again, the relationship alleged in the complaint is a statutory relationship, which is not the same as a fiduciary relationship. If, indeed, ODJFS owes a statutory duty to appellants, a lawsuit is not the way to enforce it. As the trial court noted, "federal courts have observed that allowing a private action to challenge state child support enforcement determinations would result `in the state agency [being] hauled into * * * court each time one of the millions of child support claimants is dissatisfied because the state has not collected support payments. The state itself or its officers would become liable in damages under some uncertain standard not delineated in the statute.'" Decision, at 5-6 (citing Clark v. Portage Cty. [C.A.6, 2002],281 F.3d 602, 605).
 {¶ 27} The Ohio General Assembly, which enacted the laws that are the basis for appellants' complaint, has enacted a comprehensive set of statutes and regulations governing appeals of agency determinations such as the one(s) at issue in this case. Instead of following the procedures set forth by the legislature, however, appellants here decided to sue the state in a manner in which the state did not consent. The law does not permit such litigation. We are not unsympathetic to appellants' plight, but we are not in a *Page 13 
position to craft remedies for litigants who choose to ignore the remedies that were already available to them. The fifth assignment of error is overruled.
 {¶ 28} Having overruled all the assignments of error, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
 PETREE and McGRATH, JJ., concur. *Page 1