CORPOREX DEVELOPMENT & CONSTRUCTION MANAGEMENT, INC., F.K.A. CORPOREX CONSTRUCTORS, INC.; DUBLIN SUITES, INC., APPELLEE, *v.* SHOOK, INC., APPELLANT.

[Cite as *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 2005-Ohio-5409.]

(No. 2004–0752—Submitted March 8, 2005—Decided October 26, 2005.)

O'CONNOR, J.

{¶ 1} Today we are called upon to decide whether the economic-loss rule bars a building project owner from recovery of purely economic damages in tort against a subcontractor, based upon breach of contractually created duties. We find that it does.

{¶ 2} In reviewing this case, we are mindful of the fact that appellant Shook's judgment in the trial court was entered as a judgment on the pleadings under Civ.R. 12(C). Thus, we are required to accept as true all the material allegations of the complaint of appellee Dublin Suites, Inc. ("DSI"), with all the inferences to be drawn therefrom to be construed in DSI's favor. *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 297 N.E.2d 113.

{¶ 3} In July 1998, plaintiff-appellee, DSI, contracted with Corporex Constructors, Inc., n.k.a. Corporex Development & Construction Management, Inc., for the construction of a hotel. Corporex, in turn, subcontracted with defendant-appellant, Shook, Inc., for all concrete work related to the hotel. DSI had no direct contract or interaction with Shook, but the subcontract between Corporex and Shook identified DSI as the project owner.

{¶ 4} Following completion of the hotel, DSI and Corporex filed suit against Shook, alleging breach of contract, breach of express warranty, breach of implied warranty, negligence, and failure to perform in a workmanlike manner. DSI and Corporex sought purely economic damages allegedly occasioned by Shook's failure to perform under the subcontract. The trial court eventually granted Shook judgment on the pleadings on all of DSI's claims, based upon the economic-loss rule, which generally bars a tort action for purely economic damages. Due to the existence of multiple remaining claims, the trial court granted DSI's request that it add Civ.R. 54(B) language to the judgment entry. DSI appealed.

{¶ 5} The Tenth District Court of Appeals reinstated DSI's negligence and implied-warranty claims against Shook, finding that there was a sufficient nexus between DSI and Shook to satisfy the exception to the economic-loss rule outlined in *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d

154, 24 O.O.3d 268, 436 N.E.2d 212. Shook appealed that judgment, and we accepted jurisdiction to address the scope of the economic-loss rule.[1]

{¶ 6} The economic-loss rule generally prevents recovery in tort of damages for purely economic loss. See *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 45, 537 N.E.2d 624; *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 3, 560 N.E.2d 206. " '[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.' " *Chemtrol*, 42 Ohio St.3d at 44, 537 N.E.2d 624, quoting *Nebraska Innkeepers, Inc. v. Pittsburgh–Des Moines Corp.* (Iowa 1984), 345 N.W.2d 124, 126. See, also, *Floor Craft*, 54 Ohio St.3d at 3, 560 N.E.2d 206. This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that "parties to a commercial transaction should remain free to govern their own affairs." *Chemtrol*, 42 Ohio St.3d at 42, 537 N.E.2d 624. See, also, *Floor Craft*, 54 Ohio St.3d at 7, 560 N.E.2d 206, quoting *Sensenbrenner v. Rust, Orling & Neale Architects, Inc.* (1988), 236 Va. 419, 425, 374 S.E.2d 55. " 'Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts.' " *Floor Craft*, 54 Ohio St.3d at 7, 560 N.E.2d 206, quoting *Sensenbrenner*, 236 Va. at 425, 374 S.E.2d 55.

{¶ 7} DSI argues that the facts of this case fall squarely within an exception to the economic-loss rule outlined in *Haddon View*, 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212. In *Haddon View*, we found that an accountant may be liable for purely economic damages based upon negligent misrepresentation to third parties "when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." Id. at syllabus. Because Shook knew the identity of DSI as the project owner, DSI argues, DSI was a third party whose reliance was specifically foreseeable by Shook, and Shook is therefore liable for purely economic damages in tort.

{¶ 8} Following the reasoning of DSI, any subcontractor could be held liable in tort for purely economic damages to a project owner simply because the subcontractor knew the project owner's identity. The appellate court was

---

1. Shook's brief in this case also raises the issue of whether the appellate court erred by reinstating DSI's implied-product-warranty claim. Shook, however, failed to raise that issue in its jurisdictional memorandum. As we did not accept jurisdiction based upon that issue, we refrain from addressing it.

stricter and required, at a minimum, some facts implying a sufficient nexus serving as a substitute for privity between the parties. Yet under the rationale of either DSI or the appellate court, any contract limitations upon purely economic damages would be lost. Even if the subcontractor negated liability for those damages by negotiating a clause expressly barring their recovery, the owner could still circumvent the contract and recover those damages in tort.

{¶ 9} DSI misconstrues our holding in *Haddon View*. In *Haddon View*, this court discussed the liability of an accountant for professional negligence in accord with 3 Restatement of the Law 2d, Torts (1979), Section 552. *Haddon View*, 70 Ohio St.2d at 156, 24 O.O.3d 268, 436 N.E.2d 212. That section recognizes professional liability, and thus a duty in tort, only in those limited circumstances in which a person, in the course of business, negligently supplies false information, knowing that the recipient either intends to rely on it in business, or knowing that the recipient intends to pass the information on to a foreseen third party or limited class of third persons who intend to rely on it in business. Restatement of Torts 2d, 126–127, Section 552. Liability in *Haddon View* was based exclusively upon this discrete, preexisting duty in tort and not upon any terms of a contract or rights accompanying privity. *Haddon View*, 70 Ohio St.2d at 156–157, 24 O.O.3d 268, 436 N.E.2d 212. DSI fails to identify any duty in tort analogous to the duty identified in *Haddon View*. Its reliance on *Haddon View*, therefore, is misplaced.

{¶ 10} Like DSI's, the appellate court's privity analysis misconstrues our prior holdings. The assertions of both the appellate court and DSI ignore the reality underlying liability for purely economic loss. In addition to generally recognized duties in tort, such as the one in *Haddon View*, privity or a sufficient nexus that could serve as a substitute for privity may impose only those contractual duties and liability for breach of those duties agreed to by the parties to the contract, and no more. When a duty in tort exists, a party may recover in tort. When a duty is premised entirely upon the terms of a contract, a party may recover based upon breach of contract. " 'Protection against economic losses caused by another's failure properly to perform is but one provision the contractor may require in striking his bargain. Any duty * * * in this regard is purely a creature of contract' " and can only be enforced by a party to that contract. *Floor Craft*, 54 Ohio St.3d at 4, 560 N.E.2d 206, quoting *Blake Constr. Co., Inc. v. Alley* (1987), 233 Va. 31, 35, 353 S.E.2d 724.

{¶ 11} Because the underlying duties are created by a contract to which DSI is not a party, no tort action lies in DSI's favor. Instead, DSI, the project owner, retains its right to file a breach-of-contract claim against Corporex, the contractor, for damages permitted under its contract, and Corporex may, in turn, recover any damages against Shook, the subcontractor, permitted by the subcon-

tract.  DSI may not, however, recover in tort when Shook has no duty in tort to protect DSI from purely economic damages.  See *Chemtrol,* 42 Ohio St.3d at 45, 537 N.E.2d 624; *Floor Craft,* 54 Ohio St.3d at 3, 560 N.E.2d 206.  We will not adopt a rule that ignores basic tort law and thwarts the intentions of parties to a contract, who must be allowed to bargain freely to allocate the risks attendant to their undertaking, including the possibility of purely economic damages.

{¶ 12} Further, DSI may not sue Shook directly in contract based upon the economic-loss rule.  Even construing the facts of this case in a light most favorable to DSI, DSI has failed to allege any facts establishing privity or a sufficient substitute for privity as required by *Floor Craft.*  Contrary to DSI's assertion, mere knowledge by the subcontractor of the identity of the project owner, without more, does not create a nexus sufficient to establish privity or its substitute.  Given the general availability of the identity of the project owner in all building projects, as attested to by both parties, we refuse to allow parties to abrogate the substance of *Floor Craft's* privity requirement by allowing such readily available information by itself to serve as a substitute for privity.

{¶ 13} Both parties often refer throughout their arguments to terms within the subcontract.  We find that the language of the subcontract, however, does not change our analysis under the economic-loss rule.  Whether the underlying contract prohibits or permits recovery for purely economic damages, recovery of those damages in this case is limited by contract principles.  Only when a duty in tort exists may a party recover in tort.  See *Haddon View,* 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212.

{¶ 14} DSI fails to claim a breach of any duty imposed by law that would justify recovery of purely economic damages in tort.  Instead, DSI merely alleges breach of contractually created duties owed by Shook to Corporex.  As DSI has asserted no viable tort action, we reverse the judgment of the Tenth District Court of Appeals reinstating DSI's claims of negligence and implied warranty against Shook and remand this cause to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

———————

**PFEIFER, J., dissenting.**

{¶ 15} The majority states, "Even construing the facts of this case in a light most favorable to DSI, DSI has failed to allege any facts establishing privity or a

sufficient substitute for privity as required by *Floor Craft*. Contrary to DSI's assertion, mere knowledge by the subcontractor of the identity of the project owner, without more, does not create a nexus sufficient to establish privity or its substitute." I disagree. DSI alleged several facts that, if believed, would establish privity.

{¶ 16} DSI and Corporex have common ownership and management, a fact that Shook does not dispute and that the majority opinion does not mention. That fact alone is likely sufficient to establish privity when construed, as we must, in DSI's favor. The contract between Corporex and Shook contains several provisions that refer to the owner of the construction project, including a provision that Shook would not be paid until it furnished a signed statement acceptable to the owner, which Shook knew to be DSI. Further, in its brief, Shook refers to DSI and Corporex as the left and right pockets of Bill Butler, the owner of both companies. This tacit acknowledgement that Shook knew it was dealing with both companies and that DSI and Coporex are interconnected indicates that Shook was in privity with both companies. To suggest that Shook's "mere knowledge" of DSI's identity does not establish privity is misleading. To suggest that DSI has not alleged "any facts establishing privity" is contrary to the record. At the very least, DSI's claims ought to survive judgment on the pleadings.

{¶ 17} The majority opinion suggests that DSI should sue Corporex, that the left hand should sue the right hand, according to Shook, and then Corporex could sue Shook to recover damages. This approach might make sense if DSI and Corporex did not have common ownership and management. But they do, and it strains credulity to think that Corporex would vigorously defend itself. This court ought not to require a party to institute a sham action or defense.

{¶ 18} According to Shook, the original subcontract, which formed the basis of the agreement between it and Corporex, contained a provision holding Shook liable for delay damages that might be claimed by DSI. According to Shook, Corporex agreed to delete that provision from the contract it ultimately signed with Shook. If these contentions were proven to a jury, DSI would have grave difficulty prevailing on the merits, but it should not be foreclosed from seeking a remedy based on the pleadings before us.

{¶ 19} I would remand the cause and instruct the trial court to determine whether there was privity between Shook and DSI. I dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

---

Thompson Hine, L.L.P., Michael W. Currie, O. Judson Scheaf III, and Paul Giorgianni, for appellant.

Maguire & Schneider, L.L.P., Karl H. Schneider, and William C. Donahue, for appellee.

Kegler, Brown, Hill & Ritter Co., L.P.A., Donald W. Gregory, and Robert G. Cohen, urging reversal for amicus curiae American Subcontractors Association.

Schottenstein, Zox & Dunn and Roger L. Sabo, urging reversal for amicus curiae Ohio Contractors Association.

Murray & Murray Co., L.P.A., Dennis E. Murray Jr., and James S. Timmerberg, for amicus curiae Murray & Murray Co., L.P.A.