OPINION
{¶ 1} Spring Creek Condominium Association and five owners of condominiums at Spring Creek Condominiums appeal from the decision of the common pleas court dismissing their lawsuit based upon alleged malpractice by an architect. Two assignments of error are presented for consideration:
 [I.] The trial court erred in holding that a condominium association and purchasers of a condominium could not sue *Page 2 
an architect for economic losses in the absences of privity of contract between the parties.
 [II.] The trial court erred in dismissing Defendant Mary E. Gins thereby depriving plaintiffs of a remedy in violation of the Ohio Constitution, Article I, Section 16.
 {¶ 2} Because the two assignments of error overlap, they will be addressed together.
 {¶ 3} Mary E. Gins is an architect, duly licensed in the state of Ohio. Colony Development Corporation contracted with her to perform services related to the construction of Spring Creek Condominiums. She never had a contract with the condominium association or with any of the purchasers of the condominiums.
 {¶ 4} The condominium association and five individual owners filed suit both against Ms. Gins and against Colony Development Corporation alleging a failure to use reasonable care in the design, construction, supervision and inspection of the condominiums and common areas. The damages alleged are all economic damages. No personal injury is alleged. Most of the claims are against Colony Development Corporation, but one claim as to each plaintiff alleges tortious conduct by Ms. Gins.
 {¶ 5} Counsel for Ms. Gins filed a motion to dismiss the case as to Ms. Gins. The motion to dismiss noted that Ms. Gins had no contract with any of the individuals who sued her and no contract with the condominium association. All the damages alleged were purely economic, so the economic loss rule set forth in Corporex Development Constr. Mgt. v.Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409, narrowly limited the situations in which the person filing a lawsuit could recover. Counsel for Ms. Gins noted *Page 3 
that none of the specific exceptions to the economic loss rule were alleged as to Ms. Gins.
 {¶ 6} Apparently, Colony Development Corporation went out of business. Whether Colony Development Corporation had insurance to cover damages, such as those alleged in the lawsuit, is not revealed by the record before us. Counsel for the condominium association and individual owners alleged that the only possible source of recovery was from the architect who helped design the condominiums.
 {¶ 7} The trial court judge sustained the motion to dismiss the lawsuit after carefully analyzing the pertinent case law and determining that any losses were purely economic losses and no privity of contract was present. The trial court found no duty of care owed from Ms. Gins as an architect to the condominium association or to the ultimate purchasers of the condominiums. The trial court found whatever duties were present for Ms. Gins were contractual duties to Colony Development Corporation. Since no duty of care existed with respect to the ultimate purchasers of the condominiums or the condominium association, no negligence existed for purposes of a tort theory of recovery.
 {¶ 8} We believe the trial court correctly analyzed the pertinent case law and guidance from the Supreme Court of Ohio.
 {¶ 9} Corporex Development Construction Management, Inc., idem., was decided in 2005. The Corporex Development case is therefore a much more current glimpse of the view of the Ohio Supreme Court of tort law in Ohio than Haddon View Investment Co. v. Coopers Lybrand (1982),70 Ohio St.2d 154. *Page 4 
 {¶ 10} The Haddon View case was decided over 20 years earlier and allows recovery in tort against an accounting firm which supplied inaccurate information. In the words of the syllabus:
 An accountant may be held liable by a third party for professional negligence when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen.
 {¶ 11} By comparison, the syllabus for the Corporex Development case reads:
 [I.] Under the economic-loss rule, privity or a sufficient nexus that could serve as a substitute for privity may impose only those contractual duties and liability for breach of those duties agreed to by the parties to the contract, and no more.
 [II.] Mere knowledge by the subcontractor of the identity of the project owner, without more, does not create a nexus sufficient to establish privity or its substitute.
 {¶ 12} In reaching its result in the Corporex Development case, the Supreme Court of Ohio specifically rejected our finding that negligence and implied-warranty claims could survive a motion to dismiss under Civ.R. 12(C) because of the Supreme Court's earlier decision inHaddon View. The Supreme Court stated:
 * * * In Haddon View, this court discussed the liability of an accountant for professional negligence in accord with 3 Restatement of the Law 2d, Torts (1979), Section 552. Haddon View, 70 Ohio St.2d at 156, 24 O.O.3d 268, 436 N.E.2d 212. that section recognizes professional liability, and thus a duty in tort, only in those limited circumstances in which a person, in the course of business, negligently supplies false information, knowing that the recipient either intends to rely on it in business, or knowing that the recipient intends to pass the information on the a foreseen third party or limited class of third persons who intend to rely on it in business. Restatement of Torts 2d, 126-127, Section 552. Liability in Haddon View was based exclusively upon this discrete, preexisting duty in tort and not upon any terms of a contract or rights accompanying privity. Haddon View, *Page 5 70 Ohio St.2d at 156-157, 24 O.O.3d 268, 436 N.E.2d 212. DSI fails to identify any duty in tort analogous to the duty identified in Haddon View. * * *
Corporex Development, at ¶ 9.
 {¶ 13} The Supreme Court indicated that we had misconstrued the Supreme Court of Ohio's prior rulings.
 {¶ 14} Under the economic-loss rule, privity or a sufficient nexus that could serve as a substitute for privity may impose only those contractual duties and liability for breach of those duties agreed to by the parties to the contract, and no more. Mere knowledge by the subcontractors or the identity of the project owner, without more, does not create a nexus sufficient to establish privity or its substitute.
 {¶ 15} Paragraph one of the opinion in the Corporex Development case states:
 Today we are called upon to decide whether the economic-loss rule bars a building project owner from recovery of purely economic damages in tort against a subcontractor, based upon breach of contractually created duties. We find that it does.
 {¶ 16} The complaint which alleged tortious conduct by architect Mary Gins alleges she did not use reasonable care in the design, supervision and inspection of the condominiums and appurtenant common elements. She is also alleged to have been negligent failing to hire a civil engineer and/or a geotechnical engineer to assist her in designing the foundation for the condominiums.
 {¶ 17} The complaint in these cases alleges harm which cannot be remedied through recovery in tort theories, given the view of the Supreme Court of Ohio. The first assignment of error is overruled. *Page 6 
 {¶ 18} The fact that Colony Development Corporation has apparently folded does not change the law to be applied to this case. We note that the current Supreme Court of Ohio in upholding recent legislative enactments commonly referred to as "tort reform" has espoused a more narrow view of Section 16, Article I, Ohio Constitution than earlier panels of the Supreme Court of Ohio. We also cannot say that no economic recovery is possible if a judgment is taken against Colony Development Corporation. The Ohio Constitution does not guarantee recoverable defendants, only the right to pursue defendants through the court system.
 {¶ 19} The second assignment of error is overruled.
 {¶ 20} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1