[Cite as *Poneris v. Ohio Dept. of Transp.*, 2009-Ohio-7104.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CONSTANTINOS (GUS) PONERIS,
et al.

     Plaintiffs

     v.

THE OHIO DEPARTMENT OF TRANSPORTATION

     Defendant
     Case No. 2004-05279

Judge Alan C. Travis

DECISION

**{¶ 1}** On October 30, 2009, defendant, Ohio Department of Transportation (ODOT), filed a motion for summary judgment, pursuant to Civ.R. 56(B). Plaintiffs filed a response on November 16, 2009. Defendant filed a reply on November 23, 2009. The case came before the court on December 18, 2009, for an oral hearing on defendant's motion.

**{¶ 2}** Civ.R. 56(C) states, in part, as follows:

**{¶ 3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4}  Plaintiff, Constantinos "Gus" Poneris, was employed by Atlas Central Corporation (Atlas) to perform blasting and spray-painting operations on highway bridge projects.[1]  Atlas and another painting company, L.M. Lignos Enterprise, formed a joint venture in 2000 under the name A&L Painting LLC (A&L).  ODOT contracted with A&L for the repair and repainting of the Lorain-Carnegie Bridge (Carnegie project). According to the allegations in the complaint, plaintiff was required to perform his job while atop scaffolding that was not equipped with guardrails.  In addition, plaintiff contends that he was not provided with any safety harness or other personal protective devices.  On May 2, 2002, plaintiff fell from the scaffolding to the decking below, suffering serious bodily injuries.  Plaintiff filed his complaint alleging negligence and breach of contract.  Plaintiff's wife filed a claim for loss of consortium.

{¶ 5}  Plaintiff argues that ODOT was negligent in failing to ensure that he was provided with adequate personal protective gear for the job.  Plaintiff asserts that ODOT had a duty to enforce safety measures to protect its employees from harm and that such duty extended to plaintiff as well. Plaintiff further contends that pursuant to the language contained in ODOT's Construction and Material Specifications Manual (manual), which is incorporated into the contract, ODOT reserved the right to suspend work on the Carnegie project if ODOT determined that working conditions were unsafe.  Plaintiff relies upon that part of the contract as the basis for his argument that ODOT had the responsibility to regulate workplace safety and to ascertain whether the work was performed in a manner that did not unduly harm A&L's employees or the traveling public.

{¶ 6}  ODOT insists that the contract imposes a duty upon A&L to provide a safe working environment and to ensure the safety of its own workforce.  The court agrees.

---

[1]For the purposes of this decision, plaintiff shall refer to Gus Poneris.

{¶ 7}   In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 8}   It is undisputed that ODOT required A&L to provide safety measures for its employees working at the Carnegie project.  Further, defendant maintains that section 107.14 of the manual states that A&L was responsible for all claims of any type brought on account of injury sustained by persons as the result of "neglect in safeguarding the work or through the use of unacceptable materials in the construction of the improvement or on account of any act or omission" of A&L or its agents.

{¶ 9}   Where a contract is clear and unambiguous, a court should apply and enforce the contract as written as a matter of law.  *Latina v. Woodpath Dev. Co.* (1990), 57 Ohio St.3d 212, 214.  Also, "it is not the responsibility or function of the court to rewrite the parties' contract in order to provide for a more equitable result."  *Foster Wheeler Enviresponse v. Franklin County Convention Facilities Authority*, 78 Ohio St.3d 353, 362, 1997-Ohio-202.  A contract will be read as a whole, and each of its provisions will be given effect.  *Saunders v. Mortensen*, 101 Ohio St.3d 86, 89, 2004-Ohio-24.  A court will not apply a contract in such a way that is inconsistent with the contract's express terms.  Id.  Further, courts will not "thwart the intentions of parties to a contract, who must be allowed to bargain freely to allocate the risks attendant to their undertaking * * *."  *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 106 Ohio St.3d 412, 416, 2005-Ohio-5409.  In short, parties are free to define their relationship by contract.  See *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 42 (parties to a commercial transaction should remain free to govern their own affairs).

{¶ 10} Section 105.01 of ODOT's manual reads as follows:  "[ODOT] will have the authority to suspend the work wholly or in part due to the failure of [A&L] to correct conditions unsafe for the workers or the general public, for failure to carry out provisions of the contract and to carry out orders."  According to plaintiff, ODOT owed a duty to protect him inasmuch as ODOT's inspectors also used the same type of scaffolding to perform their inspections of the bridge-painting operations.  In essence, plaintiff asserts

that this language obligates ODOT to oversee and regulate workplace safety for the specific benefit of A&L's employees.

{¶ 11} Plaintiff relies on the holding in *Semadeni v. Ohio Dept. of Transp.*, 75 Ohio St.3d 128, 1996-Ohio-199, as authority for his position that once ODOT adopted a policy to oversee the project it had a duty to implement safety inspections and controls at the worksite. The court finds that plaintiff's reliance on *Semadeni* is misplaced. In *Semadeni,* the Supreme Court of Ohio held that "pursuant to Policy 1005.1, ODOT's agents and employees were under a mandatory duty to complete [bridge overpass] fencing within a reasonable time. In a nearly five-year period, ODOT fenced only a small minority of the bridges which it had itself deemed to be in mandatory need of fencing * * *. Failure to timely implement Policy 1005.1 as to bridges highest in priority undoubtedly resulted in even greater delay in fencing bridges further down the list of priority * * *. We hold that, pursuant to R.C. 2743.02, ODOT is not immune from plaintiff's claims of liability. We conclude on this record that reasonable minds could only find that ODOT was negligent in failing to timely implement Policy 1005.1, and that its negligence was a proximate cause of Pietro Semadeni's death." Id. at 133.

{¶ 12} In *Semadeni*, ODOT had mandated that certain overpasses were to be retrofitted with protective fencing. The Supreme Court of Ohio found ODOT liable based upon its determination that the lengthy delay in the installation of fencing was unreasonable. Here, ODOT made no specific pronouncement regarding workplace safety. Rather, ODOT merely retained the authority to suspend bridge-painting operations in the event that an unsafe condition arose.

{¶ 13} In a related case involving another of A&L's employees who was injured on the Carnegie project, the Tenth District Court of Appeals held that ODOT did not create "a duty of care to A&L employees when it made decisions about its own employees." *Krystalis v. Ohio Dept. of Transp.*, Franklin App.No. 09AP-112, 2009-Ohio-3481, ¶14. The appellate court further determined that "[t]he policy in *Semadeni* was mandatory, whereas Section 105.01 merely authorized, but did not require, work suspension. In addition, *Semadeni* has nothing to do with the duty owed to employees of independent contractors; the case applies to the traveling public, which is a class to

whom ODOT plainly owes a duty. See *Lumbermens Mut. Cas. Co. v. Ohio Dept. of Transp.* (1988), 49 Ohio App.3d 129, 130, 551 N.E.2d 215." Id. at ¶16.

{¶ 14} Plaintiff argues that the contract placed ODOT in the role of being an active participant by authorizing ODOT to direct the manner in which A&L provided a safe working environment for its employees. The court disagrees. Pursuant to Ohio case law, an owner owes no duty to an employee of an independent contractor to ensure such employee's safety unless the owner actively participates in the contractor's work. *Hirschback v. Cincinnati Gas & Electric* Co. (1983), 6 Ohio St.3d 206. Active participation has been described as instances where the owner directs or exercises control over the work or over a critical element of the work as opposed to exercising a general supervisory role. See *Cafferkey v. Turner Construction Company* (1986), 21 Ohio St.3d 110; *Sopkovich v. Ohio Edison Co.*, 81 Ohio St.3d 628, 1998-Ohio-341, (finding that an issue of fact existed regarding whether Ohio Edison had created a duty to the independent contractor's employee inasmuch as Ohio Edison had exerted control over a critical aspect of the employee's working environment).

{¶ 15} Defendant contends that the contract merely provides that ODOT monitor the progress of the work and retain supervisory authority over the project. It has been held that retention of the authority to monitor or to supervise a construction project does not constitute active participation. *Bond v. Howard Corporation*, 72 Ohio St.3d 332, 1995-Ohio-81. A "concern for safety, which was evidenced in a variety of ways, does not constitute the kind of active participation in [the contractor's] work that is legally required to create a duty of care extending from [the owner] to [the contractor's] employees." *Sopkovich,* supra, at 640.

{¶ 16} In *Krystalis*, the appellate court noted that plaintiffs "assert that ODOT assumed the role of an active participant through Section 105.01. We conclude, however, that the section did not direct A&L's work activities, but preserved ODOT's general supervisory role over the bridge project." *Krystalis*, at ¶15.

{¶ 17} Upon review, the court finds that the contract language is clear and unambiguous. Moreover, the court finds that according to the terms and conditions of

the contract, A&L had sole responsibility for the safety of its workers, including plaintiff.[2]
For the foregoing reasons, the court finds that plaintiff cannot prevail on his claims of negligence and breach of contract.  The court further finds that the loss of consortium claim is derivative of the central cause of action.  Thus, the derivative claim fails as well.
See *Breno v. City of Mentor,* Cuyahoga App. No. 81861, 2003-Ohio-4051.

{¶ 18} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CONSTANTINOS (GUS) PONERIS,
et al.

     Plaintiffs

     v.

THE OHIO DEPARTMENT OF TRANSPORTATION

     Defendant
     Case No. 2004-05279

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

---

[2]To the extent that plaintiff cited to R.C. 4167.07 as statutory authority that ODOT owed a duty to plaintiff, the court finds no merit in such argument inasmuch as the statute refers to a public employer's duty to provide a safe employment environment to public employees.

An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Jeffrey L. Maloon
Kristin S. Boggs
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Jeffrey W. Harris
Jerald D. Harris
Tower of Blue Ash, Suite 301
9545 Kenwood Road
Cincinnati, Ohio 45242

Mark A. VanderLaan
Richard P. Corthell
1900 Chemed Center
255 East 5th Street
Cincinnati, Ohio 45202-3172

Jeffrey L. Maloon
Kristin S. Boggs
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Jeffrey W. Harris
Jerald D. Harris
Tower of Blue Ash, Suite 301
9545 Kenwood Road
Cincinnati, Ohio 45242

Mark A. VanderLaan
Richard P. Corthell
1900 Chemed Center
255 East 5th Street
Cincinnati, Ohio 45202-3172

SJM/cmd
Filed December 29, 2009
To S.C. reporter January 19, 2010