[Cite as *Digiknow, Inc. v. PKSL Cards, Inc.*, 2011-Ohio-3592.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96034**

# DIGIKNOW, INC.

PLAINTIFF-APPELLEE

vs.

# PKXL CARDS, INC.

DEFENDANT-APPELLANT

# JUDGMENT:
# AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-704719

**BEFORE:** Stewart, P.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 21, 2011

**ATTORNEY FOR APPELLANT**

Peter R. Harwood
Deacon Harwood Law
2794 SOM Center Road, Suite 1
Willoughby Hills, OH    44094


**ATTORNEY FOR APPELLEE**

Michael F. Schmitz
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 West Lakeside Avenue
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

{¶ 1}   Defendant-appellant, PKXL Cards, Inc., appeals from a summary judgment rendered against it on its counterclaim to a complaint filed by plaintiff-appellee, Digiknow, Inc.   Digiknow, an internet website designer, brought this action on account seeking PKXL's payment of $33,725.52 for costs in designing PKXL's custom website. PKXL counterclaimed, alleging that Digiknow's finished product was so shoddy as to constitute professional negligence.   Digiknow filed a motion for summary judgment on the counterclaim, arguing that PKXL failed to offer expert opinion to back up its professional negligence claim and that, in any event, PKXL's counterclaim was barred by the economic loss rule.   The court granted summary judgment on the counterclaim without opinion.   The case went to trial solely on Digiknow's complaint, and a jury returned a verdict in Digiknow's favor in the amount of $33,725.52, plus interest.   PKXL does not assign any error relating to the trial.

{¶ 2} The dispositive question posed by this appeal is whether PKXL filed a tort or a contract counterclaim. Under the doctrine of "economic loss," a party cannot recover purely economic damages in a tort action against another party based upon the breach of contractually created duties. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, syllabus. The reasoning behind the economic loss doctrine is that tort law is not intended to compensate parties for monetary losses suffered as a result of duties that are owed to them simply as a result of the contract. *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 7, 560 N.E.2d 206. This is because of the sense that if the tort law was "allowed to progress too far, contract law would drown in a sea of tort." *E. River S.S. Corp. v. Transamerica Delaval, Inc.* (1986), 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865, citing G. Gilmore (1974), The Death of Contract 87-94. The doctrine thus underscores the distinctions between tort and contract law:

{¶ 3} "In the commercial setting, society places a premium on freedom of contract. Society allows the parties to set the terms of their bargain and only intervenes to enforce or give meaning to those terms once a dispute develops. Even within the context of a dispute, society is not motivated to do what is fair or just in some abstract sense, but rather seeks to divine and enforce the justifiable expectations of the parties as determined from the language of their contract. To that end, if the parties agree in advance to place limits upon the remedies that are available in the event of a breach, society typically honors that agreement regardless of its consequences. In the tort

setting, however, society places a premium on protecting people and property from unreasonable dangers. The overriding concern is to provide a level of compensation which makes the victim whole and which protects society at large by discouraging the development of harmful products and conduct. To that end, when someone suffers personal injury or property damage, society intervenes to provide monetary redress, and the degree of redress is open-ended, limited only by the requirements of causation and public policy. Indeed, if the cause of harm is sufficiently egregious, society may punish the wrongdoer by awarding punitive damages, a form of compensation unhindered by principles of causation and which has no application in the law of contract." *Rich Prods. Corp. v. Kemutec, Inc*. (E.D. Wis. 1999), 66 F.Supp.2d 937, 968-969.

**{¶ 4}** PKXL argues that its counterclaim raised a contract claim, not a professional negligence claim, but we can easily reject this argument. The specific wording of the counterclaim leaves no doubt that it was based upon professional negligence. PKXL alleged that Digiknow "failed to exercise ordinary care to provide security protection to the product being delivered" and that PKXL had been injured "[a]s a result of the foregoing instances of negligence and oversight[.]" The counterclaim's prayer for relief stated that PKXL had been damaged "[a]s a result of [Digiknow's] negligence and indifference[.]" Finally, PKXL concedes that it did not actually use the word "contract" in the counterclaim.

**{¶ 5}** PKXL claims that the parties actually tried all the issues as though they were contract-based, so under Civ.R. 15(B), we should find that its contract claims are

deemed to have been raised in the complaint. It is an obvious point that the parties focused solely on contract issues at trial — with summary judgment rendered on PKXL's counterclaim well before trial, Digiknow's contract claim was necessarily the only issue remaining for trial. In any event, the manner in which the claims were presented at trial has no bearing on the precise cause of action that PKXL pleaded in its counterclaim because PKXL's counterclaim was not addressed at trial. It is thus irrelevant whether the parties spoke only of "contract" at trial.

{¶ 6} Finally, PKXL appears to argue that regardless of whether it pleaded the wrong cause of action, Digiknow undeniably filed a contract cause of action, thus showing that there was a contractual relationship between the parties. This argument misconstrues the economic loss doctrine: what Digiknow pleaded is not relevant to the question of whether PKXL sought economic damages for a tort cause of action. One would imagine that any case of professional negligence would implicitly entail a contractual relationship between the professional rendering the services and the party receiving the services. So even if we accept as a given that the parties had a contract, that fact is irrelevant to whether PKXL sought economic damages for a claim of professional negligence.

{¶ 7} Summary judgment may issue when, after viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue as to any material fact and reasonable minds could conclude only that judgment must issue as a matter of law. See Civ.R. 56(C). PKXL's counterclaim sounded in tort and only sought recovery of

damages for economic loss. "A plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 44, 537 N.E.2d 624. We find as a matter of law that the economic-loss doctrine barred the recovery of economic loss in a tort claim. The court did not err by granting summary judgment on the counterclaim.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR