O’Neill, J.,
dissenting.
{¶ 30} I disagree with the majority’s holding. I think that Transtar Electric, Inc., deserves its day in court. I agree with the Sixth District Court of Appeals’ conclusion that when a contract seeks to alter a fundamental custom between a general contractor and a subcontractor, such as shifting the risk of a project owner’s nonpayment from the general contractor to the subcontractor, the intent to do so must be clear; that is, it must be stated in plain language that the subcontractor must look past the general contractor to the owner for payment. 2012-Ohio-5986, 983 N.E.2d 399 (6th Dist.); see Thos. J. Dyer Co. v. Bishop Internatl. Eng. Co., 303 F.2d 655 (6th Cir.1962).
{¶ 31} This litigation is the result of Transtar’s effort to recover payment for its work based on its contract with A.E.M. Electric Services Corporation, the general contractor. Even though it has completed all its work according to the contract, Transtar cannot bring an action against the project owner for breach of contract because no contract exists between Transtar and the owner, who now has the benefit of Transtar’s work essentially for free. Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701 (only parties to the contract may bring an action for breach of contract). Likewise, lack of privity also makes it difficult for Transtar to prevail in an action against the owner in quantum meruit or unjust enrichment.
{¶ 32} I agree that the use of the term “condition precedent” in the parties’ contract supports A.E.M.’s argument. But employing the summary-judgment standard under Civ.R. 56(C), I am not convinced that the language used in this contract could lead reasonable minds to but one conclusion or that the language is sufficient on its face to shift the risk of the owner’s nonpayment to the subcontractor.
*202 Luper Neidenthal & Logan, Luther L. Liggett Jr., and Heather Logan Melick, for appellee.
Spengler Nathanson, P.L.L., and James P. Silk Jr., for appellant.
Meyers, Roman, Friedberg & Lewis, R. Russell O’Rourke, and Debra J. Horn, urging affirmance for amici curiae, American Subcontractors Association, Inc., American Subcontractors Association of Ohio, Inc., and Ohio/Michigan National Electric Contractors Association.
{¶ 33} Absent from this contract is any indication that the subcontractor expressly assumed the risk of nonpayment by the owner. Neither does the contract include a statement or an acknowledgment that the contract price included the risk of the owner’s nonpayment or a statement regarding what recourse is available to the subcontractor if the owner fails to pay anyone for the subcontractor’s work. My view is that these ambiguities create genuine issues of material fact that make summary judgment inappropriate in this case. Taken to its logical conclusion, the majority decision implies that the contractor can take its profit from the venture, pull up stakes, and wish the subcontractor well as the subcontractor embarks on the task of wrestling with the owner over money owed on a contract to which the owner is not a party.
{¶ 34} I think the Sixth District got this case right in holding that summary judgment was improper. I would hold that the provision in the contract between Transtar and A.E.M. is not sufficient as a matter of law to demonstrate that these parties intended to shift the risk of the owner’s nonpayment from the general contractor, A.E.M., to the subcontractor, Transtar. When a general contractor seeks to transfer the risk of the owner’s nonpayment to the subcontractor as a matter of law, the contract must explicitly state that the parties intend to do so. To hold otherwise amounts to adopting a rule that allows property owners to arbitrarily refuse to pay subcontractors for work that is actually performed. That should not be the law of Ohio.
Pfeifer, J., concurs in- the foregoing opinion.