[Cite as *Keny v. Ohio State Univ.*, 2016-Ohio-3475.]

| | |
|---|---|
| JAMES M. KENY, Exec., et al. | Case No. 2013-00711 |
| Plaintiffs | Judge Dale A. Crawford |
| v. | <u>DECISION</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

{¶1} This cause comes to be heard on Defendant's January 26, 2016 Motion for Summary Judgment pursuant to Civ.R. 56(B). On February 9, 2016, Plaintiffs filed a memorandum contra, and on February 16, 2016, Defendant filed a motion for leave to file a reply along with the reply. Upon review, Defendant's motion for leave is GRANTED. The Motion for Summary Judgment is now before the Court.

{¶2} This case concerns the disbursement of decedent Galia Keny's (Galia) group life insurance policy provided by Anthem Life Insurance Company (Anthem) and entitled to her as a former employee of Defendant, The Ohio State University. Plaintiffs, James Keny (executor of Galia's estate), Tara Keny, Cory Keny, Mason Keny, and Audrey Keny (Galia's children), filed their complaint against Defendant claiming breach of contract and negligence based on allegations that Defendant improperly permitted life insurance proceeds to be disbursed to Galia's surviving husband, William L. Brown, Jr. (Brown), rather than to Galia's children. Plaintiffs argue that the disbursement was improper because Galia allegedly filed a beneficiary designation two months prior to her death. Plaintiffs further allege that Galia was entitled to an amount of $182,000 as an employee benefit and that Defendant improperly informed Anthem, the benefits administrator, that Galia did not have any beneficiary designations on file.

{¶3} Defendant asserts that it did not have a beneficiary designation on file and that it conveyed accurate information to Anthem, which chose to pay the insurance proceeds to Brown as provided in the terms of the Certificate of Coverage. Defendant has filed its Motion for Summary Judgment alleging that there are no material issues of fact and that it is entitled to judgment as a matter of law. Pursuant to Civ.R. 56(E), Defendant provides the affidavits of Jody Gilkerson (Gilkerson), Defendant's Program Manager, Jamie Dupler (Dupler), Defendant's Short Term Disability/Life Coordinator, and Kristie Henneman (Henneman), Defendant's Interim Associate Director of Employee and Labor Relations. Defendant has also provided the decisions of both the Delaware County Common Pleas Court and Fifth District Court of Appeals disposing of the connected action Plaintiffs filed against Anthem for the same causes of action. The Court will take judicial notice of these decisions.

{¶4} Under Civ.R. 56(C), summary judgment is proper "if the pleadings, depositions, answer to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thus, in order to determine whether Defendant is entitled to judgment as a matter of law pursuant to Civ.R. 56(C), the Court must ascertain whether the evidentiary materials presented by Defendant show that there is no genuine issue as to any material fact involved in the case. In making this determination it is necessary to analyze the landmark Ohio Supreme Court decision which addresses the "standards for granting summary judgment when the moving party asserts that the nonmoving party has no evidence to establish an essential element of the nonmoving party's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 285 (1996); *see also Saxton v. Navistar, Inc.*, 10th Dist. Franklin No. 11AP-923, 2013-Ohio-352, ¶ 7.

{¶5} In *Dresher*, the Ohio Supreme Court held:

{¶6} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. * * * [T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims." *Dresher, supra*, at 292-293.

{¶7} In interpreting the United States Supreme Court decision in *Celotex v. Catrett*, 477 U.S. 317 (1986), the *Dresher* Court found no express or implied requirement in Civ.R. 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. *Dresher, supra*, at 291-292. Furthermore, the *Dresher* Court stated that it is not necessary that the nonmoving party produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *Id.* at 289, quoting *Celotex, supra*. In sum, the *Dresher* Court held that the burden on the moving party may be discharged by "showing"–that is, pointing out to the Court–that there is an absence of evidence to support the nonmoving party's case. *Id.*

{¶8} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden as outlined in Civ.R. 56(E):

{¶9} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party

does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶10} In its Motion for Summary Judgment, Defendant first argues that Plaintiffs' claims in this Court are barred by collateral estoppel. "[I]ssue preclusion, [or] collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 392, 2008-Ohio-6254, 899 N.E.3d 975, ¶ 27. The determination of the applicability of collateral estoppel requires that Plaintiffs had a fair opportunity to "fully litigate and to be 'heard' in the due process sense. Accordingly, an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action. * * *" *Goodson v. McDonough Power Equip.*, 2 Ohio St.3d 193, 200-201, 443 N.E. 2d 978 (1983).

{¶11} In the connected action, Plaintiffs had alleged that Anthem improperly disbursed the policy amount to Brown based upon the inaccurate information that no beneficiary designations existed for Galia. Plaintiffs also alleged that Defendant improperly stored or saved the alleged beneficiary designation completed by Galia two months prior to her death. The Delaware Court of Common Pleas dismissed Plaintiffs' negligence claim relying on the economic loss doctrine and granted Anthem's motion for summary judgment on the breach of contract claim, which completely disposed of the case. In its motion for summary judgment decision, the common pleas court found that Anthem did not breach its contract when it paid out Galia's benefits to Brown based upon the information from Defendant that Galia had no beneficiary designations in her file. Plaintiffs appealed the decision and the Fifth District Court of Appeals (Fifth

District) affirmed the common pleas court's decision. The Fifth District concluded in its decision that "[i]t is undisputed that a beneficiary card completed by [Galia] does not exist" and that they agree with the trial court's analysis "that undisputedly, a change of beneficiary designation card was not in existence * * *."

{¶12} Plaintiffs argue that the issue in the connected action only involved whether Anthem breached a duty of good faith under the contract and that the issue in this case is whether Defendant violated its duty to keep proper records and give proper instruction to Anthem. Plaintiffs further argue that any determination regarding the existence of the beneficiary card was not essential to the determination of the connected action.

{¶13} Although Plaintiffs attempt to distinguish the ultimate issue between the connected action and this case, the Court finds that the courts in the connected action could not have concluded as they did without making a determination regarding the existence of the beneficiary designation. Because it was necessary for the courts to first determine that the designation did not exist before it could conclude that Anthem did not breach its contract, that determination was essential to the courts' decisions. Thus, the Court finds that Plaintiffs' claims are barred by collateral estoppel.

{¶14} Defendant further argues that even if the claims are not barred by collateral estoppel, it did not breach its contract with Galia nor was it negligent. In order to recover for breach of contract, plaintiff must prove the existence of a contact, performance by plaintiff, breach by defendant, and damages or loss as a result of the breach. *Samadder v. DMF of Ohio, Inc.*, 154 Ohio App.3d 770, 2003-Ohio-5340, 798 N.E.2d 1141 (10th Dist). In order to prove negligence, Plaintiffs must prove the existence of a duty, a breach of such duty, proximate cause and damages. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088.

{¶15} As stated earlier, Plaintiffs claim that Defendant failed to follow the terms of the Certificate of Coverage provided in Anthem's life insurance policy and that

Defendant was negligent in its recordkeeping. Based on the Certificate of Coverage provided in Anthem's policy, any change of beneficiary would be effective on the date the policyholder—Defendant—received a change card from the covered employee. Anthem Contract, at p. 10. The terms also state that if no beneficiary is named, Anthem can, at its option, pay the life insurance benefit to the estate, the surviving spouse or otherwise the surviving children. Accordingly, it was the duty of Defendant to notify Anthem of the designations it had on file and any disbursement was under the discretion of Anthem.

{¶16} The affidavits of Gilkerson and Dupler both state that Defendant did not have a beneficiary listed in Galia's file and that Defendant was not aware of any individual other than Brown who notified it of competing claims to Galia's life insurance benefits. Although Plaintiffs claim that Galia did change her beneficiary designations, the only evidence in favor of Plaintiffs are the affidavits of Galia's ex-husband and friends, which state that based on their knowledge, Galia had intended to change her beneficiary designations. Specifically, Jill Warner states that Galia told her she "had met with Kristie Henneman to change her beneficiary designations." Warner Affidavit, at ¶ 3. However, this statement does not allege that she, in fact, made the formal changes and filled out the proper forms. The statement only asserts that changing beneficiary designations was Galia's purpose in meeting with Henneman, not that she actually made the changes. Furthermore, the Court also notes that the statements in Plaintiffs' affidavits contain inadmissible hearsay that are not subject to an exception pursuant to Ohio Evid. R. 803.

{¶17} Henneman's affidavit, on the contrary, states that in her capacity as Defendant's Interim Associate Director of Employee and Labor Relations, she does "not have access to [Defendant's] benefits beneficiary designation information systems, nor [does she] process any employee requests to change or alter beneficiary designations on any employee benefit plans. If an employee were to contact [her] regarding a

change to beneficiary designations, [she] would refer the employee to the [Defendant's] benefits office to handle such a request." Henneman Affidavit, at ¶ 3. Henneman further averred that she never met with Galia about employee benefits or beneficiary designations. *Id.* at ¶¶ 4-5. Because Plaintiffs have not presented any admissible evidence to contradict the affidavits of Gilkerson, Dupler, or Henneman, the Court finds that there is no issue of material fact regarding the nonexistence of any beneficiary designation for Galia.

{¶18} Furthermore, Plaintiffs' negligence claims are also barred by the economic loss doctrine. "The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 106 Ohio St. 3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 6. "Thus, where only economic losses are asserted, damages may be recovered only in contract; there can be no recovery in negligence due to the lack of physical harm to persons and tangible things." *RWP, Inc. v. Fabrizi Trucking & Paving Co.*, 8th Dist. Cuyahoga No. 87382, 2006-Ohio-5014, ¶ 21 (Sept. 28, 2006). Although Plaintiffs rely on *Haddon View Investment Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982), to argue that their negligence claim falls under an exception to the economic loss doctrine because Defendant negligently misrepresented Galia's beneficiary designations to Anthem, Plaintiffs fail to identify a preexisting duty in tort as was present in *Hadden*. Plaintiffs also failed to allege a claim for negligent misrepresentation in its original complaint against Defendant. Moreover, the conclusions of the Delaware Court of Common Pleas and the Fifth District along with the affidavits of Gilkerson and Dupler demonstrate that Defendant accurately provided Anthem with the information it had. Accordingly, Plaintiffs' negligence claim fails in this regard as well.

{¶19} Therefore, based on the foregoing and viewing this matter in light most favorable to Plaintiffs, the Court finds that there is no genuine issues of material fact

regarding the nonexistence of a beneficiary designation for Galia's children, and accordingly, Defendant did not breach its contract nor was it negligent with regard to the beneficiary designation. Defendant's Motion for Summary Judgment is GRANTED.

_____
DALE A. CRAWFORD
Judge

[Cite as *Keny v. Ohio State Univ.*, 2016-Ohio-3475.]

| JAMES M. KENY, Exec., et al. | Case No. 2013-00711 |
|---|---|
| Plaintiffs | Judge Dale A. Crawford |
| v. | <u>JUDGMENT ENTRY</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

{¶20} A non-oral hearing was conducted in this case upon Defendant's Motion for Summary Judgment. For the reasons set forth in the decision filed concurrently herewith, Defendant's Motion for Summary Judgment is GRANTED, and judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

DALE A. CRAWFORD
Judge

cc:

Susan N. Hayes
5878 North High Street
Worthington, Ohio 43085

Peter E. DeMarco
Stacy L. Hannan
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed May 12, 2016**
**Sent To S.C. Reporter 6/17/16**